J-A06016-18

2018 PA Super 307

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA A. SARVEY | : | |
| | : | |
| Appellant | : | No. 284 WDA 2017 |

Appeal from the PCRA Order January 27, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000014-2012


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA ANN SARVEY | : | |
| | : | |
| Appellant | : | No. 285 WDA 2017 |

Appeal from the PCRA Order January 27, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000605-2007


BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER*, J.

OPINION BY SHOGAN, J.:                    **FILED NOVEMBER 16, 2018**

Melissa Ann Sarvey ("Appellant") appeals from the January 27, 2017

order denying her petition for relief filed pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[1]  After careful review, we reverse

_____

[1] While there are two separate captions, the PCRA court drafted a single order,
entered on January 27, 2017.

_____

*   Retired Senior Judge assigned to the Superior Court.

the order of the PCRA court. Additionally, although we will not disturb the verdict, we vacate the judgment of sentence and remand for re-sentencing.

The relevant facts and procedural history are as follows: On July 26, 2011, while Appellant was incarcerated at the Jefferson County Correctional Facility, she attempted to deliver one-half of a tablet of Oxycodone and one tablet of Zolpidem (Ambien) to another inmate. The incident was recorded on video. Appellant hid the pills under a commissary form and slid them under her cell door toward another inmate's cell. N.T. (Trial), 4/16/12, at 126–133. A corrections officer noticed the papers being pushed underneath Appellant's cell door and attempted to pick them up. *Id*. at 94–97. Appellant refused to release the papers, and after a struggle, the officer was able to take the papers away from Appellant. *Id*. at 95. The officer handed the commissary form back to Appellant, and as the officer walked away, she noticed a baggie containing two pills in the place where the paper had been. *Id*. at 96. The officer confiscated the baggie, and following an investigation, Appellant was initially charged with two counts of possession with intent to deliver ("PWID") and two counts of possession of a controlled substance by an inmate ("possession by an inmate").[2]

On April 13, 2012, the Friday before trial began, the Commonwealth filed a motion to amend the information, seeking to add two counts of

---

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 5123(a.2), respectively.

controlled substance contraband to confined persons prohibited ("controlled substance to prison") and two counts of criminal attempt.[3]   The motion also sought to change the names of the drugs in the information from Ambien to Zolpidem and Vicodin to Oxycodone.    Appellant objected to the Commonwealth adding additional charges, but she did not object to the changes in the drug names.   The trial court granted the Commonwealth's motion on April 16, 2012; Appellant was ultimately charged with two counts of PWID, two counts of possession by an inmate, two counts of controlled substance to prison, and two counts of criminal attempt.

On April 16, 2012, a jury found Appellant guilty on all charges.   On May 17, 2012, the trial court sentenced Appellant to consecutive terms of incarceration of one to three years for one PWID count and one and one-half years to three years for the second PWID count.   The court further imposed consecutive terms of incarceration of one and one-half years to three years for each count of possession by an inmate, and a term of incarceration of two to five years for each count of controlled substance to prison.   Finding that the criminal attempt convictions merged with the controlled substance to prison convictions, the sentencing court did not impose a sentence for the criminal attempt convictions.   The trial court also revoked Appellant's probation on a single count of hindering apprehension at Docket CP-33-CR-605-2007 and

---

[3]  18 Pa.C.S. §§ 5123(a) and 901, respectively.

sentenced her to an additional term of confinement of one to two years. Finally, the trial court revoked Appellant's probation at Dockets CP-33-CR-662-2008, CP-33-CR-387-2008, and CP-33-CR-388-2008, and resentenced Appellant to five years of probation at each docket, running concurrent to each other. Appellant's total period of incarceration was ten and one-half to twenty-four years of incarceration followed by five years of probation.

Appellant filed a timely direct appeal, arguing that the trial court erred when it allowed the Commonwealth to amend the charges immediately before trial. On direct appeal, she argued that the amendment did not allow her sufficient time to adjust her defense strategy and subjected her to mandatory minimum sentences that increased the severity of her penalty. This Court found that Appellant's appeal was without merit because the new charges did not arise from different facts nor would they have required her to alter her trial or defense strategy; thus, she was not prejudiced by the amendment. **See Commonwealth v. Sarvey**, 68 A.3d 368, 968 WDA 2012 (Pa. Super. filed February 21, 2013) (unpublished memorandum) ("Sarvey I"). Appellant sought Supreme Court review, which was denied on September 14, 2013. **Commonwealth v. Sarvey**, 74 A.3d 1031 (Pa. 2013).

Appellant sought timely collateral review, and the PCRA court appointed counsel. Counsel filed a no merit letter/petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on

February 14, 2014. After receiving notice of the PCRA court's intent to dismiss the PCRA petition without a hearing, Appellant sent the court a letter in which she stated she wanted to continue the appeal. Ultimately, and after a convoluted path and a change of counsel, this Court directed the PCRA court to order Appellant to file an amended PCRA petition within thirty days from the date of our memorandum.

Appellant filed her timely amended petition, and following an extensive hearing, the PCRA court denied her petition. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review, which we have reordered for purposes of our analysis:

I.    Were [Appellant's] constitutional rights to due process and to a trial by jury violated when she was punished for taking her case to trial by the District Attorney filing a Motion to Amend the Information the last business day before [Appellant's] trial and two charges being added the day of trial that carried mandatory minimum sentences of two years each?

II.   Did the trial court err in granting the District Attorney's Motion to Amend the Information which added four new charges to [Appellant's] Information, two of which carried mandatory minimum sentences of at least two years each?

III.  Was [Appellant's] sentence illegal?

      A. Was [Appellant's] sentence illegal because several of [Appellant's] charges should have merged;

      B. Did the sentencing court's failure to merge the charges result in a violation of [Appellant's] rights to due process and against double jeopardy?

- 5 -

C. Were [Appellant's] prior counsel ineffective for failing to raise the issue of merger?

IV. Did the trial court err in imposing a sentence greater than the lawful maximum as [Appellant] was re-sentenced on a probation violation to two counts of Hindering Apprehension to docket number 605-2007, when in fact she only pled guilty to one count and the other count of Hindering Apprehension was nolle prossed?

V. [Questions raising the ineffectiveness of Appellant's counsel:]

[a.] Was [Appellant's] trial counsel ineffective in failing to object to the District Attorney's Motion to Amend the Information, which changed the controlled substances that [Appellant] is alleged to have possessed?

[b.] Was [Appellant's] trial counsel ineffective in failing to object at sentencing to [Appellant] being sentenced to consecutive sentences for offenses which should have merged?

[c.] Was trial counsel ineffective for failing to take sufficient time to discuss the consequences of the amendment of the Information with [Appellant] after the trial court granted the Motion to Amend to enable [Appellant] to make an informed decision about whether to take her case to trial?

[d.] Was trial counsel ineffective for failing to ask for a continuance of the trial after additional charges were added on the day of trial to allow him more time to discuss the consequences of the amendment with [Appellant] and to give him additional time to prepare for trial?

[e.] Was trial counsel ineffective for failing to request that Judge Foradora recuse himself from [Appellant's] case after he made derogatory statements which demonstrated the Judge's bias against the [Appellant], her family and her

fiancé during [Appellant's] sentencing hearing and her PCRA hearing?

[f.] Was trial counsel ineffective for failing to point out to the Court errors in the pre-sentence investigation report, including that: (1) charges that should have been Nolle Prossed (one of 2 Hindering charges at 605-2007) were incorrectly included in the report; (2) the report included a Theft by Unlawful Taking charge which appears as dated 10-25-07 and shows that she received 5 years concurrent probation to Receiving Stolen Property (RSP), although the RSP charge would have merged for sentencing purposes?

[g.] Was trial counsel ineffective for failing to raise on appeal the discretionary aspects of the lower court's sentence?

Appellant's Brief at 6–8 (reorganized for ease of disposition).

When reviewing the propriety of the denial of a PCRA petition, we apply the following standard and scope of review: "[A]n appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa. Super. 2009) (quoting *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citation omitted)). "Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

- 7 -

In support of her first issue, Appellant avers that her constitutional rights to due process were "violated when she was punished for taking her case to trial by the District Attorney filing a Motion to Amend the Information" on the Friday before trial started and that her counsel was ineffective for failing to raise the issue.[4] Appellant's Brief at 22. Specifically, Appellant alleges that the addition of the two charges constitutes prosecutorial vindictiveness. As an initial matter, we find that Appellant waived this issue by failing to raise it on direct appeal. *See* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). However, even if the issue was preserved, we would conclude that it lacks merit.

In order to show prosecutorial vindictiveness, "the defendant must prove that: (1) others who are similarly situated to the defendant are not generally prosecuted for similar conduct; and (2) the defendant has been intentionally and purposefully singled out for prosecution for an invidious reason." **Commonwealth v. Butler**, 533 A.2d 105, 109 (Pa. Super. 1987) (citation omitted). In support of her argument, Appellant cites only a single case setting forth two circumstances in which prosecutorial vindictiveness can occur. Appellant's Brief at 22 (citing **Commonwealth v. Rocco**, 544 A.2d

---

[4] We address the merits of Appellant's ineffective assistance of counsel claim relating to this issue *infra.*

496, 498 (Pa. Super. 1987) (stating that prosecutorial vindictiveness occurs where a prosecutive decision is based on race, religion, or other impermissible classification or where the accused is treated harshly because he has chosen to exercise a lawful right)). Appellant then engages in speculation regarding the Commonwealth's motivation for moving to amend the information before trial, and she makes conclusory statements regarding the same with little factual support. Indeed, Appellant's only factual statement, as opposed to suppositions about the Commonwealth's motivation, is in the form of testimony from Appellant's trial counsel. Counsel testified that he had not litigated another case where the charges were amended the day of trial.[5] Appellant's Brief at 23 (quoting N.T. (PCRA), 01/08/16, at 57–58).

It is well established that "[a] pre-trial charging decision is less likely to be improperly motivated than a decision made after trial." *Commonwealth v. Chamberlain*, 30 A.3d 381, 418–419 (Pa. 2011) (citation omitted); *see also United States v. Goodwin*, 457 U.S. 368 (1982) (presumption of prosecutorial vindictiveness not warranted where defendant charged with a felony after refusing to plead guilty to misdemeanor charges; prosecutor's charging decision made before trial less likely to be improperly motivated than decision made after trial). Moreover, in its motion to amend the information,

---

[5] The Motion to Amend the information was filed on Friday, April 13, 2012, and the trial court granted the motion on Monday, April 16, 2012, the same day Appellant's trial began.

the Commonwealth stated that following the "recent investigation of the Pennsylvania State Police as requested by the District Attorney's Office, it is believed that [Appellant] brought the subject controlled substances into the prison." Motion to Amend Information, 4/13/12, at unnumbered 3. Further, Appellant's trial attorney testified during the PCRA hearing that he did not believe the Commonwealth's amendment of the information was punitive in nature. N.T. (PCRA), 1/8/16, at 57. Given the above, Appellant has failed to show she was subjected to prosecutorial vindictiveness. Consequently, no relief is due.

In her second issue, Appellant argues that the trial court erred when it granted the Commonwealth's motion to amend the information to add four new charges. Appellant's Brief at 28. In her brief, Appellant acknowledges that she raised this exact issue in her direct appeal in this case, **Sarvey I**, and this Court found Appellant's claim to be of no merit. Appellant's Brief at 28.

Pursuant to 42 Pa.C.S. § 9543(a)(3), which governs eligibility for PCRA relief, a petitioner must prove that the issue raised in the PCRA petition is one that "has not been previously litigated or waived." Section 9544 of the PCRA states that an issue has been previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. . . ." 42 Pa.C.S. § 9544(a)(2). The Superior Court of Pennsylvania is the highest court with review as a matter of right in this case,

- 10 -

and this issue was previously litigated in this Court.[6]  To the extent Appellant is attempting to reframe the prejudice she allegedly suffered to avoid the bar on previously litigated issues, she is not entitled to relief.  **See Commonwealth v. Roane**, 142 A.3d 79, 94 (Pa. Super. 2016) ("The fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar.").

Appellant next asserts that the sentencing court erred when it failed to merge several of her convictions.  Appellant's Brief at 14.  Specifically, Appellant claims that the sentencing court erred when it failed to merge the PWID convictions in counts one and two with the delivery to prison convictions at counts five and six.  **Id**. at 16.  She also alleges that the possession by an inmate convictions at counts three and four should have merged either with the PWID convictions at counts one and two or the controlled substance to prison convictions at counts five and six.  **Id**.  Appellant alleges that this failure resulted in an illegal sentence, which also violated her right to due process and against double jeopardy.  **Id**.

Preliminarily, we note that "articulating the contours and application of the merger doctrine has proven a complex task for courts across this country,

---

[6]  The sole issue Appellant raised on appeal was "[w]hether the trial court erred in allowing the Commonwealth, over objection, to amend the charges against the defendant, which amendment was done just prior to trial." **Sarvey I**, at *1.

- 11 -

and this Court has been no exception." *Commonwealth v. Baldwin*, 985 A.2d 830, 832 (Pa. 2009). Whether Appellant's crimes should have merged for sentencing implicates the legality of sentencing and not the discretionary aspects of sentencing. *Id*. at 833. Unlike the discretionary aspects of sentencing, a challenge to the legality of sentence is not subject to waiver and may be raised at any time. *Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002). Our standard of review is *de novo*, and our scope of review is plenary. *Baldwin*, 985 A.2d at 833.

Our Supreme Court extensively addressed the merger issue in *Baldwin*. In that decision, the Court found that a conviction for possession of a firearm without a license, 18 Pa.C.S. § 6106, did not merge with a conviction for possession of a firearm on public streets of Philadelphia, 18 Pa.C.S. § 6108. *Baldwin*, 985 A.2d at 834. In reaching that decision, the Court analyzed 42 Pa.C.S. § 9765, which contains the following language:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. The *Baldwin* Court concluded that merger is prohibited unless the following two-pronged test is satisfied: "1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Baldwin*, 985 A.2d at 833.

In reaching that holding, the Court noted that although each crime contains a shared element, namely the lack of a license to carry the gun, each offense contained a requirement the other did not. **Baldwin**, 985 A.2d at 834. Specifically, to violate Section 6106, a defendant must carry a weapon in his vehicle or about his person; to violate Section 6108, the weapon must be carried on the streets of Philadelphia. **Id**. Thus, the Court found that because each offense contained an element the other did not, merger would be inappropriate. **Id**.

There have been a number of cases analyzing the merger doctrine in the context of other offenses since **Baldwin**. In **Commonwealth v. Martinez**, 153 A.3d 1025, 1033 (Pa. Super. 2016), this Court found that charges of robbery and terroristic threats should have merged. Specifically, we held:

> The relevant elements of terroristic threats comprise the communication of a threat to commit a crime of violence with the intent to cause terror. Robbery, as charged in this case, requires threatening serious bodily injury or intending to place a victim in fear of serious bodily injury. Though the two statutes do not employ identical words, it would be championing a distinction without a difference to conclude that threatening serious bodily injury or intending to cause fear of serious bodily injury was not the functional equivalent of a threat of violence intended to cause terror. Particularly where, as here, both offenses arose from the same act, we do not discern from these statutes the legislative intent to permit separate sentences.

**Id**. at 1032–1033.

In the same opinion, this Court found that the conviction for robbery did not merge with the convictions for recklessly endangering another person

- 13 -

("REAP") and simple assault. *Martinez*, 153 A.3d at 1033. In making that determination, this Court noted that each conviction required proof that the others did not. *Id*. Specifically, the REAP conviction required a showing that the defendant had the "actual present ability to inflict harm, which is absent in the elements of robbery and a conviction for robbery requires a showing that the victim was placed in fear of serious bodily injury," an element not required in REAP. *Id*. Similarly, simple assault requires a showing that that the defendant caused or attempted to cause bodily injury, whereas robbery requires only a threat of injury, and the proscribed conduct must occur during the course of a theft. *Id*. Thus, merger was not appropriate. *See also Commonwealth v. Calhoun*, 52 A.3d 281, 287 (Pa. Super. 2012) (finding that simple assault and REAP did not merge because "the mischiefs to be remedied" were not identical); *Commonwealth v. Nero*, 58 A.3d 802 (Pa. Super. 2012) (finding that conviction for owning a chop shop did not merge with receiving stolen property as receiving stolen property required a higher *mens rea* than owning a chop shop); *Commonwealth v. Rhoades*, 8 A.3d 912 (Pa. Super. 2010) (holding that two convictions for aggravated assault, 18 Pa.C.S. § 2702(a)(1) and (a)(4), did not merge because subsection four requires the use of a deadly weapon and subsection one does not). *But see Commonwealth v. Hill*, 140 A.3d 713 (Pa. Super. 2016) (finding that convictions for home improvement fraud and deceptive business practices merged because all of the elements of deceptive business practices are

included within the elements of home improvement fraud, and home improvement fraud has an additional element); ***Commonwealth v. Tanner***, 61 A.3d 1043 (Pa. Super. 2013) (finding, *sua sponte*, that convictions for homicide while driving under the influence and driving under the influence should merge); ***Commonwealth v. Lomax***, 8 A.3d 1264 (Pa. Super. 2010) (finding that indecent assault and rape of a child should merge for sentencing purposes because indecent assault requires indecent contact, which is satisfied by the sexual intercourse requirement of the latter).

Preliminarily, we note it appears that the instant crimes did not necessarily arise from a single act. In this case, the Commonwealth moved to amend the information and add the controlled substance to prison and criminal attempt charges after an investigation revealed "that [Appellant] brought the subject controlled substances into the prison." Motion to Amend Information, 4/13/12, at unnumbered 3. Further, the Commonwealth presented evidence, in the form of testimony from Appellant's cellmate at the time Appellant attempted to pass the pills to another inmate, that Appellant brought the controlled substances into prison in a body cavity.[7] The crime of controlled substance to prison does not require delivery of the controlled substance to another person or inmate; rather, it can be satisfied solely by

---

[7] Specifically, Appellant's cellmate testified that she noticed movement and a foul odor coming from Appellant's bunk, which her cellmate identified as coming from Appellant's vagina, prior to her attempt to pass the controlled substance. N.T. (Trial), 4/16/12, at 61, 82.

the act of bringing the controlled substance into a prison. *See Commonwealth v. Williams*, 579 A.2d 869, 871–872 (Pa. 1990) ("Hence, in dismissing the present charge on the ground that there was no evidence that [the appellant] entered the State Correctional Institute at Camp Hill with an intention to transfer marijuana [to a] person confined there, the courts below erred."). Pursuant to the language of the controlled substance to prison statute, the jury could have found Appellant guilty based upon the fact that she brought the controlled substances into the prison or that she put them in a place where they could have been secured by an inmate.

Furthermore, the second prong of the merger analysis requires that the statutory elements of one offense be included in the other. Appellant also fails to meet this prong. Appellant was convicted of two counts of PWID, which is defined as follows:

> Except as authorized by this act, the manufacture, delivery, or **possession with intent** to manufacture or **deliver**, a controlled substance **by a person not registered under this act**, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30) (emphases added). In addition, she was convicted of two counts of possession by an inmate, pursuant to 18 Pa.C.S. § 5123(a.2), which provides that:

> A **prisoner or inmate commits** a felony of the second degree if he **unlawfully has in his possession** or under his control any **controlled substance** in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act. For

- 16 -

purposes of this subsection, no amount shall be deemed de minimis.

18 Pa.C.S. § 5123(a.2) (emphases added). Finally, Appellant was convicted of two counts of controlled substance to prison, which is defined as follows:

> A **person** commits a felony of the second degree **if he sells, gives, transmits or furnishes to any convict in a prison, or inmate in a mental hospital, or gives away in or brings into any prison,** mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a mental hospital, or employee thereof, **any controlled substance** included in Schedules I through V of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, (except the ordinary hospital supply of the prison or mental hospital) without a written permit signed by the physician of such institution, specifying the quantity and quality of the substance which may be furnished to any convict, inmate, or employee in the prison or mental hospital, the name of the prisoner, inmate, or employee for whom, and the time when the same may be furnished, which permit shall be delivered to and kept by the warden or superintendent of the prison or mental hospital.

18 Pa.C.S. § 5123(a) (emphases added).[8]

In order to convict a defendant of PWID, the Commonwealth must prove that the defendant "possessed a controlled substance and did so with the intent to deliver it." *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005). Pursuant to the controlled substance to prison statute, 18 Pa.C.S. § 5123(a), a conviction is proper, *inter alia*, where an individual sells, gives, or furnishes contraband to an inmate. However, a conviction of

---

[8] Appellant was also convicted of two counts of criminal attempt; however, those convictions merged with the controlled substance to prison convictions.

- 17 -

controlled substance to prison also is proper if an individual brings contraband into prison, regardless of whether he intended to distribute it to an inmate. *See Williams*, 579 A.2d at 870. Thus, PWID contains an element—namely the intent to deliver—that is absent in the crime of controlled substance to prison. Similarly, the elements of controlled substance to prison are satisfied when an individual brings a controlled substance into a prison, without a permit, regardless of whether they intended to deliver said substance to an inmate. Under a *Baldwin* analysis, merger is improper because PWID requires intent to deliver a controlled substance, and controlled substance to prison has no intent requirement but does require that the controlled substance be brought into, sold, or given away in prison or mental hospital.

Moreover, the "mischiefs sought to be remedied" by the two statutes are readily distinguishable. *See Calhoun*, 52 A.3d at 287 ("The plain language of the statutes establishes that the mischiefs to be remedied are readily distinguishable and independent of each other[,] and the elements of the crimes are distinct. The sentences do not merge, and Appellant is not entitled to a 'volume discount.'"). Pursuant to the plain language of the controlled substance to prison statute, the legislature was seeking to prevent, *inter alia,* controlled substances from entering a prison, regardless of whether they were brought in with intent to deliver them to an inmate or prisoner. *See* 18 Pa.C.S. § 5123(a) (stating that an individual commits a felony of the second degree if an individual brings a controlled substance into any prison or

mental hospital). PWID seeks to prevent any individual from possessing a controlled substance with the intent to deliver that substance. **See** 35 P.S. § 780-113(a)(30). Finally, we note that merger is improper because it is possible for an individual to commit the crime of controlled substance to prison and not PWID and vice versa. **See e.g. Commonwealth v. Cianci**, 130 A.3d 780, 782 (Pa. Super. 2015) (finding that conviction for aggravated assault did not merge with REAP, and stating that the "relevant question in merger analysis is whether [a] person **can** commit one crime without also committing the other crime" and if elements differ, merger is improper) (emphasis in original).

Similarly, possession by an inmate does not merge with PWID or controlled substance to prison because possession by an inmate requires that the individual possessing the contraband is an inmate or prisoner, a requirement absent from both PWID and controlled substance to prison. This disparate element, absent from both of the other statutes, renders merger improper. **Baldwin**, 985 A.2d at 834. We find the PCRA did not err when it found merger was not proper.

In her next issue, Appellant asserts that the trial court imposed a sentence greater than the lawful maximum. Appellant's Brief at 48. Appellant alleges that the trial court erred when it revoked her probation at Docket CP-33-CR-605-2007 because it revoked her probation on two counts of hindering apprehension when one of the two counts had been *nol prossed*. **Id**. This

implicates the legality of Appellant's sentence, which, as discussed *supra*, cannot be waived.

Appellant's claim that she was sentenced for two hindering apprehension convictions is belied by the record. During Appellant's sentencing, the trial court incorrectly stated that it was revoking Appellant's probation on two counts of hindering apprehension. N.T. (Sentencing and ***Gagnon***[9] Hearing), 5/16/12, at 14. Pursuant to the ***Gagnon*** order, however, which was filed on May 24, 2012, Appellant's probation was properly revoked for a *single* count of hindering apprehension, and a total of one to two years of incarceration was added to her sentence. ***Gagnon*** Order, 5/24/12. "In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." ***Commonwealth v. Borrin***, 80 A.3d 1219, 1226 (Pa. 2013). As such, the trial court properly re-sentenced Appellant for a single count of hindering apprehension. Thus, the trial court's misstatement of Appellant's sentence is not controlling, Appellant has suffered no harm or prejudice due to the misstatement, and Appellant is due no relief.

The remainder of Appellant's claims relate to ineffective assistance of her trial and appellate counsel. In her brief, Appellant asserts her trial counsel

_____

[9] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

and/or appellate counsel were ineffective for failing to: (1) object to the Commonwealth's motion to amend the information; (2) raise the issue of merger/object to the sentence on those grounds; (3) take sufficient time to discuss the amendment with Appellant; (4) seek a continuance after the trial court granted the motion to amend; (5) request the trial court recuse itself from the case; (6) point out errors in the pre-sentence investigative report; and (7) raise the discretionary aspects of sentence on appeal. Appellant also included claims of ineffectiveness of counsel in her arguments regarding prosecutorial vindictiveness and illegal sentence as it related to the hindering apprehension probation revocation.

It is well settled that:

[c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland v. Washington**, 466 U.S. 668 (1984) performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **See Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is

- 21 -

sufficient to undermine confidence in the outcome of the proceeding.

**Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2016) (internal brackets and some internal citations omitted). Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." **Commonwealth v. Tharp**, 101 A.3d 736, 747 (Pa. 2014) (citation omitted).

Appellant first alleges that trial counsel was ineffective for failing to object to the amendment seeking to change one of the controlled substances from Vicodin to Oxycodone in the information in this case. Appellant's Brief at 24. Appellant fails to cite a single case in support of this argument, and instead relies on suppositions and bald statements of fact; thus, Appellant has waived this issue. **See Commonwealth v. Williams**, 959 A.2d 1252, 1258 (Pa. Super. 2008) (finding waiver where appellant's argument on an issue consisted of two pages of discussion and lacked citation to legal authority).

Even if we were to reach the merits of this ineffective-assistance-of-counsel claim, we would not grant relief. Pursuant to the version of Pa.R.Crim.P. 564 in effect at the time of the trial, "the court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property." Correcting the name of the illicit drug from Vicodin to Oxycodone falls within the purview of

that rule. Moreover, "[t]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted). The amendment of the information to correct the name of the controlled substance Appellant was charged with possessing does not impact the charges of which she was convicted nor the sentence she received. Appellant would be unable to show this issue has merit and therefore would not be entitled to relief.

Next, Appellant avers that her prior counsel was ineffective for failing to raise the issue of merger. Appellant's Brief at 20. In support of her argument, Appellant asserts that the first prong of the test, namely that the underlying claim has merit, is satisfied. *Id*. Given our finding that merger was not appropriate in this case, *supra*, Appellant's ineffectiveness claim does not have merit and fails for that reason.

Appellant next asserts that her trial counsel was ineffective for failing to seek a continuance after the trial court granted the motion to amend and for failing to discuss the consequences of the amendment. Appellant's Brief at 28–31. Once again, Appellant has failed to cite a single case in support of her claim. Instead, she cites a rule of professional conduct, Pa.R.P.C. 1.1. That rule states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness

and preparation reasonably necessary for the representation." Pa.R.P.C. 1.1. Appellant fails to set forth any legal authority as to what constitutes competent representation. Thus, this issue is waived. ***Commonwealth v. Rhodes***, 54 A.3d 908 (Pa. Super. 2012); Pa.R.A.P. 2119.

Even if we did not find waiver, this ineffective-assistance-of-counsel claim lacks merit. Preliminarily, as discussed *supra*, on direct appeal this Court specifically found that Appellant was not prejudiced by the amendment; thus, she fails to satisfy the prejudice requirement of an ineffective assistance of counsel claim. Further, Appellant's counsel testified during the PCRA hearing that his main concern was the changes that he would need to make to his opening statement, but his defense strategies remained the same. N.T. (PCRA) 1/8/16, at 55. Counsel was unable to say how Appellant was prejudiced, and he testified that in hindsight, there was nothing he would have done differently. ***Id***. at 69, 79.

Appellant also argues that her trial counsel was ineffective for failing to take the time to discuss the consequences of the amendment; however, this argument is belied by the record. Specifically, Appellant's trial counsel testified that after he learned the trial court had granted the Commonwealth's motion to amend the information, he informed Appellant that she potentially could face significant jail time if she were convicted of the additional charges. N.T. (PCRA), 1/8/16, at 53, 56. He further testified that Appellant wanted to take the case to trial because she was concerned about the effect the probation

revocations would have on her total sentence and because Appellant believed she was innocent. *Id*. at 79–80, 91. Moreover, we note that despite Appellant's attempt to establish prejudice by claiming she was not given an opportunity to reconsider a plea deal she previously had refused, there is nothing in the record reflecting that a plea deal had been offered following the amendment. Finally, Appellant testified unequivocally that she would not have accepted an open plea. *Id*. at 110. Thus, Appellant has failed to show that her counsel was ineffective for failing to request a continuance on any grounds. No relief is due.

Appellant next asserts that that her trial counsel was ineffective for failing to request that the trial judge recuse himself. Appellant's Brief at 36. Appellant argues that the judge's behavior during her sentencing and PCRA hearing demonstrates bias and that her trial counsel was ineffective for failing to request a recusal. *Id*. Appellant relies on statements made by the judge during sentencing, which included referencing Appellant's ex-husbands' and children's contact with the court system and stating that he hoped she would be a productive citizen when she completed her sentence, but if not, she was not going to get another chance. *Id*. at 38.

"The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion."

*Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa. Super. 2014) (quoting *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa. 2004) (citation omitted)). As the PCRA Court noted in its opinion, "[J]udges in the smaller counties commonly preside over multiple proceedings involving a given defendant and his or her friends and family, and that fact, in and of itself, is not indicative of bias." PCRA Court Opinion, 1/27/17, at 2. A jurist, when a motion for recusal is filed, must "consider whether his or her involvement in the case creates an appearance or impropriety and/or would tend to undermine public confidence in the judiciary." *Kearney*, 92 A.3d at 60. The trial judge's comments regarding Appellant's children and former spouses do not rise to the level of undermining public confidence. As such, Appellant's trial counsel was not ineffective for failing to request recusal.

Next, Appellant alleges that trial counsel was ineffective for failing to alert the court to issues in the Pre-Sentence Investigation Report ("PSI"). Appellant's Brief at 41. Specifically, she alleges the PSI improperly stated that she pled guilty to two counts of hindering apprehension, when in fact she pled guilty to one count of hindering and the other count was *nol prossed*. **Id**. She further alleges that there is an error in the PSI because it reflected that Appellant had been convicted of receiving stolen property and theft when those two charges should have merged for sentencing. Appellant's claims do not have merit.

In this case, the attendant order correctly reflected that Appellant pled guilty to only one count and the other count was *nol prossed*. As discussed *supra*, Appellant's probation was revoked on a single count, and Appellant did not receive any additional time on the *nol prossed* charge; thus, she has failed to establish she was prejudiced by the alleged ineffectiveness of her counsel.

Appellant also alleges that trial counsel was ineffective for failing to point out an error in the PSI, namely, that it reflected that she received five years of probation for a charge of receiving stolen property because that conviction should have merged with her theft conviction. Appellant's Brief at 42. As the PCRA court correctly found, Appellant makes a bald allegation that the two crimes, which she committed in 2007, should have merged, but fails to provide any background or factual support for that claim. PCRA Court Opinion, 1/27/17, at 7. We agree. Appellant has failed to show the underlying claim has merit, and her ineffective assistance of counsel claim fails for that reason.

Appellant next argues that trial counsel was ineffective for failing to appeal the discretionary aspects of her sentence. Appellant's Brief at 44. Our court has held that claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA. **Commonwealth v. Whitmore**, 860 A.2d 1032, 1036 (Pa. Super. 2004), *reversed in part on other grounds*, 912 A.2d 827 (Pa. 2006) ("[A] claim that counsel was ineffective for failing to perfect a challenge to the discretionary aspects of sentencing is cognizable under the PCRA." (citations

omitted)); ***Commonwealth v. Watson***, 835 A.2d 786, 801 (Pa. Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA") (discussing ***Commonwealth ex. rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001)) (footnote omitted).

Appellant was convicted of two counts of PWID, two counts of possession by an inmate, two counts of controlled substance to prison, and two counts of criminal attempt based upon her attempt to pass one and one-half pills to another inmate.[10]  Individually, the sentences imposed at each count were within the guidelines.  However, her aggregate sentence of incarceration for these one and one-half pills was ten and one-half to twenty-four years because the sentencing court decided to impose the sentences consecutively.  The court justified its decision in part by referring to "the breadth of the judge's sentencing discretion in the arenas of both original and revocation sentences," as well as Appellant's "extensive history with the court."  PCRA Opinion, 1/27/17, at 10.  Considering that the individual sentences were within the guidelines and below the statutory maximums, the sentencing court concluded that Appellant's counsel was not ineffective for declining to appeal the discretionary aspects of Appellant's sentence.  ***Id***.

---

[10]  35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 5123(a.2), § 5123(a), and 901, respectively.  At sentencing, the sentencing court found the criminal attempt convictions merged.

It is well-settled that a challenge to the discretionary aspects of a sentence must present a substantial question.[11]  A sentencing court's decision to impose consecutive as opposed to concurrent sentences generally does not present a substantial question.  **See Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) (noting that the decision to impose consecutive or concurrent sentences lies within the discretion of the trial court).  However, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question . . . where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment."  **Commonwealth v. Moury**, 992 A.2d 162, 171–172 (Pa. Super. 2010).  **Accord Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010) ("[A substantial question is presented when] the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue.").

Although we are cognizant of the danger of any amount of drugs in a prison setting and realize the sentencing court was familiar with Appellant's history, we opine that the sentence was unquestionably harsh.[12]  Technically,

_____

[11]  We note that Appellant complied with Pa.R.A.P. 2119(f) and included a concise statement of her reasons relied upon for the allowance of her appeal, albeit within the argument section of her brief.

[12]  If the sentencing court had ordered Appellant's sentences to run concurrently, the aggregate sentence would have been two to five years of incarceration.

the counts of which Appellant was convicted do not merge, as discussed *supra*, but it is undeniable that there is substantial overlap among PWID, possession by an inmate, and controlled substance to prison. We also note that Appellant's crime did not involve violence. Further, we reiterate that Appellant's crime involved one episode of attempting to pass a very small quantity of prescription pills. We thus conclude that Appellant's challenge presents a substantial question.

Pursuant to 42 Pa.C.S. § 9781(c)(2), this Court shall vacate a sentence where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would clearly be unreasonable." Pursuant to Section 9781(d), "the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines[,]" with particular concern for whether the defendant received an individualized sentence. **Commonwealth v. Bowen**, 975 A.2d 1120, 1123–1124 (Pa. Super. 2009).

Where, as here, Appellant's individual sentences were within the guideline range, we must "determine whether the trial court's [aggregate] sentence is 'clearly unreasonable.'" **Commonwealth v. Dodge**, 957 A.2d 1198, 1200 (Pa. Super. 2008) (quoting 42 Pa.C.S. § 9781(c)(2)). "An unreasonable decision from the sentencing court would be one that is

'irrational' or 'not guided by sound judgment.'" ***Dodge***, 957 A.2d at 1200. As we concluded in ***Commonwealth v. Williams***, 69 A.3d 735, 742 (Pa. Super. 2013),[13] "by any measure employed by a civilized society, the severity of [a]ppellant's sentence was disproportional to her conduct" and, thus, clearly unreasonable. ***See also Dodge***, 957 A.2d 1198 (finding that imposition of consecutive sentences for thirty-seven counts of receiving stolen property, which resulted in an aggregate sentence of fifty-two and one-half to one hundred and eleven years of incarceration, was unreasonable where none of the offenses involved violence against a person and the property received was of little monetary value). Given our finding that Appellant's sentence was unduly harsh and clearly unreasonable given the nature and circumstances of the offenses, the claim underlying her claim of ineffective assistance of counsel for failing to appeal her sentence has merit.

Next, we must determine whether Appellant's claim satisfies the two remaining prongs of the ineffectiveness test. ***Charleston***, 94 A.3d at 1019. We first look to whether Appellant's counsel had a reasonable basis for failing to appeal the discretionary aspect of Appellant's sentence. "In determining

---

[13] In ***Williams***, the appellant was sentenced to a minimum aggregate term of incarceration of over thirty years following her guilty plea to three counts of burglary and subsequent revocation of probation following several violations of her probation. ***Id***. at 738. The appellant's crimes did not involve violence, except using physical force when she fled on two occasions, and at no point did she possess a weapon or cause or risk causing serious bodily injury. ***Id***. at 743.

whether counsel's performance lacked a reasonable basis, a court will not find counsel to be ineffective if the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006).

During Appellant's May 23, 2016 PCRA hearing, trial counsel, Attorney Knaresboro, testified that, although he was aware that Appellant was sentenced to consecutive sentences for each of the six counts, he did not object to the sentence, nor did he file a motion to reconsider the sentence or a direct appeal raising that issue. N.T. (PCRA), 5/23/16, at 11. When asked why he failed to raise the issue on direct appeal, trial counsel testified that, although he believed Appellant was given a significant sentence, he did not believe the issue to be of merit. *Id*. at 29. He further testified that by failing to file post-sentence motions, he believed the issue had been waived, and even if it had not been waived, he believed it was sufficient that the sentencing court stated its reasons for Appellant's sentence on the record. *Id.* Given the factual circumstances of the crimes of which Appellant was convicted and the length of the aggregate sentence she received, this Court is unable to find a reasonable basis for counsel's failure to file a post-sentence motion and appeal the discretionary aspect of Appellant's sentence.

Having determined that Appellant's claim satisfies the first two prongs of the ineffectiveness test, we must look to whether Appellant was prejudiced by her counsel's failure to appeal the discretionary aspect of her sentence.

*Commonwealth v. Johnson*, 966 A.2d 523, 532–533 (Pa. 2009). An appellant "establishes prejudice when he demonstrates that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 533 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

Here, counsel's failures deprived Appellant of this Court's direct review of the claim. Given our finding that Appellant's sentence of over ten years of incarceration for attempting to pass one and one-half pills was clearly unreasonable, the outcome of Appellant's case—specifically the length of her term of incarceration—likely would have been different but for counsel's failures. Appellant's counsel was thus ineffective for failing to preserve and appeal the discretionary aspects of Appellant's sentence.

In her final issue, Appellant raised ineffectiveness-of-counsel claims within her argument relating to prosecutorial vindictiveness and her argument that her sentence was illegal because she was sentenced for two counts of hindering apprehension when one count had been *nol prossed*. Appellant's Brief at 23, 48. We addressed the merits of each of these issues *supra* and found them to be lacking; therefore, Appellant has failed to prove the merit underlying these claims.

For the reasons set forth above, we reverse the order of PCRA court, vacate the judgment of sentence, and remand for resentencing consistent with this opinion.

Order reversed.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>11/16/2018</u>