J-S69037-19 & J-S69038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BAIHEEM GRESHAN | : | |
| | : | |
| Appellant | : | No. 328 EDA 2019 |

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002458-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BAIHEEM GRESHAN | : | |
| | : | |
| Appellant | : | No. 331 EDA 2019 |

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008824-2014

BEFORE:  SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 31, 2020**

Appellant, Baiheem Greshan, appeals from orders of the Court of

Common Pleas of Philadelphia County (trial court) in two criminal proceedings

_____

[*] Retired Senior Judge assigned to the Superior Court.

that dismissed his petitions for relief pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we reverse.

The PCRA petitions here sought relief from revocation of probation sentences imposed in two separate criminal cases, CP-51-CR-0002458-2012 (CR-2458-2012) and CP-51-CR-0008824-2014 (CR-8824-2014). In CR-2458-2012, Appellant entered a negotiated guilty plea on June 26, 2012 to one count of manufacture, delivery or possession with intent to deliver a controlled substance[2] and was sentenced to $11^1/_2$ months to 23 months of incarceration and 3 years of probation. In CR-8824-2014, Appellant entered a negotiated guilty plea on March 31, 2015 to aggravated assault and possession of an instrument of crime,[3] and was sentenced to $11^1/_2$ months to 23 months of incarceration followed by 4 years of probation for aggravated assault and 4 years of probation for possession of an instrument of crime consecutive to the imprisonment sentence and concurrent with the period of probation for the aggravated assault.

Appellant had completed serving the $11^1/_2$-to-23 month incarceration portion of his sentence and was serving the 3-year probation sentence in CR-2458-2012 at the time he committed the aggravated assault and possession

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 2702(a) and 18 Pa.C.S. §907(a), respectively.

of an instrument of crime in June 2014. **See** CR-2458-2012 **Gagnon II**[4] Summary, 8/13/14. The trial court on March 31, 2015 revoked Appellant's probation in CR-2458-2012 and sentenced Appellant to 5 years' probation. CR-2458-2012 Probation Revocation Order, 3/31/15.

On November 2, 2015, the trial court found Appellant to be in violation of his probation in CR-2458-2012 and revoked his probation and sentenced him to $11^1/_2$ months to 23 months of incarceration followed by 5 years of probation. CR-2458-2012 Probation Revocation Order, 11/2/15. The trial court also entered an order in CR-8824-2014 revoking Appellant's probation and sentencing him to $11^1/_2$ months to 23 months of incarceration followed by 5 years of probation for aggravated assault and 4 years of probation for possession of an instrument of crime.[5] CR-8824-2014 Probation Revocation Order, 11/2/15. In both cases, Appellant was paroled from his incarceration sentences and the maximum date of his incarceration sentences was

---

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[5] Appellant was still on parole in CR-8824-2014 and had not yet begun serving the probation portion of his sentence at this time. That fact, however, did not affect the trial court's power to revoke his probation and impose a new sentence in lieu of the probation portions of his sentence. **Commonwealth v. Ware**, 737 A.2d 251, 253-54 (Pa. Super. 1999) (court may revoke the probation portion of a split sentence and impose a new sentence based on conduct that occurs while defendant is still on parole from the incarceration portion of the sentence).

September 20, 2017. CR-2458-2012 *Gagnon II* Summary, 5/6/16; CR-8824-2014 *Gagnon II* Summary, 5/6/16.

On October 12, 2017, Appellant entered a negotiated guilty plea in a third case, CP-51-CR-0000389-2017 (CR-389-2017), to charges of intimidating a witness, retaliating against a witness, and terroristic threats, and was sentenced to $11^1/_2$ months to 23 months of incarceration followed by 4 years of probation for intimidating a witness and retaliating against a witness and 4 years of probation for terroristic threats.[6] N.T., 10/12/17, at 4-10. Based on Appellant's guilty plea in CR-389-2017, the trial court on October 12, 2017 entered orders revoking Appellant's probation in CR-2458-2012 and CR-8824-2014. In CR-2458-2012, the trial sentenced Appellant to 5 to 10 years of incarceration followed by 5 years of probation. CR-2458-2012 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. In CR-8824-2014, the trial court imposed consecutive sentences of incarceration of 3 to 6 years for aggravated assault and $2^1/_2$ to 5 years for possession of an instrument of crime. CR-8824-2014 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. The trial court ordered that the sentences in CR-8824-2014 run consecutive to the incarceration sentence in CR-2458-2012, resulting in an aggregate sentence in CR-2458-2012 and CR-8824-2014 of

---

[6] At the time that he committed those offenses, Appellant was still on parole from the incarceration portions of his November 2015 violation of probation sentences. **See** footnote 5, **supra**.

$10^1/_2$ to 21 years of incarceration and 5 years of probation. CR-8824-2014 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. At the hearing, the trial court based these sentences on the maximum legally permissible sentences and articulated no reason for imposing sentences of that length. N.T., 10/12/17, at 8-11.

On October 18, 2017, trial counsel for Appellant filed timely motions in both cases for reconsideration of these revocation of probation sentences. The trial court did not rule on the motions for reconsideration of sentence or grant an extension of time for decision, and the motions for reconsideration of sentence were denied by operation of law on March 27, 2018. CR-2458-2012 Docket Entries; CR-8824-2014 Docket Entries. Appellant did not file a direct appeal in either case.

On April 2, 2018, Appellant filed counseled PCRA petitions in both CR-2458-2012 and CR-8824-2014 alleging ineffective assistance of counsel. In both petitions, Appellant alleged that trial counsel was ineffective for failing to submit an order to vacate the sentence with the motion for reconsideration of sentence and failing to request a hearing on the motion and alleged that this caused the denial of the motions for reconsideration without consideration of the merits. CR-2458-2012 PCRA Petition Procedural History ¶11, Argument ¶¶10-11; CR-8824-2014 PCRA Petition Procedural History ¶11, Argument ¶¶10-11.

On December 10, 2018, the trial court held an argument on the PCRA petitions at which Appellant's PCRA counsel explained that the relief sought was the restoration of Appellant's right to seek reconsideration of the sentences. N.T., 12/10/18, at 4-5. The trial court acknowledged that trial counsel's failure to file rules to show cause to obtain hearings could be found to have caused the denial of the motions for reconsideration of sentence by operation of law, and the Commonwealth argued that the PCRA petitions should be denied solely on the ground that Appellant did not show prejudice. *Id.* at 5-6. On December 10, 2018, following the argument, the trial court issued notices in both cases pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petitions without a hearing on the ground that they were without merit. Appellant did not file a response to the trial court's Rule 907 order in either case. On January 14, 2019, the trial court entered orders dismissing the PCRA petitions. Appellant, represented by counsel, filed timely appeals from both orders.

Appellant argues that the trial court erred in dismissing his PCRA petitions for failure to show that trial counsel's conduct prejudiced him, the sole ground on which it based its decision.[7]  We agree.

---

[7] Appellant's counsel initially filed a petition to withdraw and a brief under ***Anders v. California***, 386 U.S. 738 (1967). On April 8, 2020, we denied counsel's petition to withdraw and ordered counsel to submit an advocate's brief or a new no-merit letter. On May 7, 2020, Appellant's counsel filed a brief on the merits arguing this issue. On June 1, 2020, the Commonwealth

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007); ***Commonwealth v. Sarvey***, 199 A.3d 436, 445 (Pa. Super. 2018). To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. ***Mason***, 130 A.3d at 618; ***Sarvey***, 199 A.3d at 452; ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018); ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The defendant must satisfy all three elements of this test to obtain relief under the PCRA. ***Mason***, 130 A.3d at 618; ***Sarvey***, 199 A.3d at 452; ***Stewart***, 84 A.3d at 706. Because the trial court did not hold that Appellant failed to satisfy the first two of these elements and the Commonwealth does not contend that Appellant failed to satisfy those elements, our analysis is properly limited to the issue of prejudice.

To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable

---

filed a brief arguing that the trial court's dismissals of the PCRA petitions should be affirmed.

probability that, but for counsel's error, the result of the proceeding would have been different. **Mason**, 130 A.3d at 618; **Reaves**, 923 A.2d at 1127; **Stewart**, 84 A.3d at 707. Where, as here, trial counsel's error is a failure to properly file a motion with respect to the defendant's sentence, the prejudice element requires that the defendant show a reasonable probability that the motion would have resulted in a more favorable sentence. **Reaves**, 923 A.2d at 1131-32; **Presley**, 193 A.3d at 444-45.

In **Reaves** and **Presley**, our Supreme Court and this Court held that the defendant had failed to show a reasonable probability that the motion that counsel failed to file would have resulted in a reduced violation of probation sentence and therefore failed to show prejudice. In **Reaves** and **Presley**, however, the record contained facts that made it unlikely that the sentencing court would have imposed a lesser sentence.

In **Reaves**, the Supreme Court held that the defendant had not shown prejudice from counsel's failure to object to the sentencing court's noncompliance with Pa.Crim.P. 708's requirement that the court state the reasons for its violation of probation sentence at the time of the sentencing. In holding that the defendant did not show prejudice, the Court in **Reaves** specifically noted that the court in denying the PCRA petition gave an explanation for the length of the sentence. 923 A.2d at 1132. In addition, the revocation of probation sentence that was imposed in **Reaves**, an aggregate sentence of four to eight years' imprisonment, was far below the

maximum sentence for the offenses as to which probation was revoked, which included three first-degree burglary convictions, each of which carried a 20-year maximum sentence. *Id.* at 1121-22 & n.5, 1132 n.13. Indeed, the Court specifically noted that because the sentence was far below the maximum sentence, it was "highly unlikely" that counsel's failure had any effect on the defendant's sentence. *Id.* at 1132 n.13.

In *Presley*, this Court held that the defendant did not show prejudice from counsel's failure to file a post-sentence motion. Although the revocation of probation sentence of 12 to 24 years was the maximum sentence that could be imposed, the defendant's counsel had previously filed a post-sentence motion for reconsideration, which the sentencing court had granted, and the sentencing court had re-imposed the same sentence after reconsideration and a new sentencing hearing. 193 A.3d at 439, 444-45. This Court concluded that there was no reasonable likelihood that a second motion would result in a more favorable sentence because the sentencing court had already reconsidered the sentence and re-imposed the same sentence, noting that '[e]xpecting the same action to yield different results is the very definition of irrational." *Id.* at 444-45.

Here, the facts that made a lesser sentence unlikely in *Reaves* and *Presley* are not present. Unlike the situation in *Presley*, the trial court has not reconsidered Appellant's revocation of probation sentences and re-imposed those sentences after evaluation of whether they are appropriate

sentences. Rather, the trial court denied counsel's post-trial motion by operation of law without any consideration of the merits. Unlike **Reaves**, the sentences in CR-8824-2014 are consecutive maximum sentences and the sentence in CR-2458-2012 is close to the maximum sentence, although 5 of the 15 years of that sentence are probation. Moreover, the trial court also imposed the sentences in the two cases to run consecutively.

In addition, unlike **Reaves**, the trial court has never articulated any reason for the length of the sentences that it imposed from which this Court can conclude that reconsideration would have no effect on Appellant's revocation of probation sentences. The record shows that at the hearing at which it revoked probation and imposed the sentences, the only fact that the trial court referenced was how long of a sentence it could impose in each case. N.T., 10/12/17, at 8-11. While the trial court in its opinion explaining its reasons for dismissing Appellant's PCRA petitions stated that it would have denied the motions for reconsideration of the sentences even if they had been properly filed, the trial court stated no reason in its opinion or at oral argument of the PCRA petitions for the sentences that it imposed or the imposition of consecutive sentences and did not even express a view that it considered the sentences appropriate for Appellant's conduct. Trial Court Opinion at 6; N.T., 12/10/18, at 5-7.

The requirement of reasonable probability does not mandate proof that it is more likely than not that the outcome would in fact have changed.

*Commonwealth v. Jones*, 210 A.3d 1014, 1018-19 (Pa. 2019); *Commonwealth v. Johnson*, 966 A.2d 523, 541 (Pa. 2009); *Stewart*, 84 A.3d at 707, 714-15 & n.5. Rather, a reasonable probability of a different result sufficient to show prejudice is a probability sufficient to undermine confidence in the outcome. *Jones*, 210 A.3d at 1019; *Commonwealth v. Postie*, 200 A.3d 1015, 1023 (Pa. Super. 2018) (*en banc*); *Sarvey*, 199 A.3d at 452; *Stewart*, 84 A.3d at 707.

Measured against this standard, we conclude that Appellant made a sufficient showing of prejudice. Given how close the sentences were to the maximums and the imposition of consecutive sentences, coupled with the absence of any prior reconsideration of the sentences or explanation by the trial court showing that it had already fully considered the appropriateness of such lengthy sentences, there is a sufficient probability that a properly filed reconsideration motion would have had some favorable effect on the sentences to undermine confidence in the outcome. *Cf. Sarvey*, 199 A.3d at 456-57 (defendant showed prejudice sufficient to prove ineffective assistance of counsel where consecutive sentences that counsel had failed to challenge resulted in an excessive sentence).[8] The mere fact that the trial court stated

_____

[8] We do not suggest that the sentences here are necessarily excessive. Rather, it is their length in combination with the absence of any articulated reasons for their length or prior reconsideration that makes this case different from *Reaves* and *Presley* and creates a sufficient probability of effect on Appellant's aggregate sentence to satisfy the element of prejudice.

that it would not have changed the sentences, without any articulation of reasons for the sentences or even a brief statement of why it felt that they were appropriate, does not give confidence that a properly filed reconsideration motion would have had no effect.

Because the trial court dismissed Appellants' PCRA petitions solely on the ground that Appellant had not shown prejudice from counsel's failure to properly file motions for reconsideration of his revocation of probation sentences and that legal conclusion is in error, the dismissal of the PCRA petitions must be reversed. We therefore reverse the trial court's order and remand this case for proceedings consistent with this Memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Kunselman joins the Memorandum.

Judge Shogan files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/20