J-A04012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FANCHON LUMPKIN | : | |
| | : | |
| Appellant | : | No. 1201 EDA 2018 |

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000495-2017

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

DISSENTING MEMORANDUM BY COLINS, J.:            **FILED APRIL 08, 2019**

Because I disagree with the learned majority's conclusion that the sentencing court did not abuse its discretion in the sentence that it imposed, I respectfully dissent.

While the aggregate sentence here was within the sentencing guidelines, it was extraordinarily long, given appellant Fanchon Lumpkin's prior record score of zero and the absence of any evidence that she had any history of violence.  The sentence of 20 to 40 years for third-degree murder was not only at the uppermost limit of the guidelines for a defendant with a prior record score of zero, it was the maximum sentence that could be imposed even on a defendant with an extensive criminal record and history of violence who did not accept responsibility for her crime.  18 Pa.C.S. § 1102(d); 42 Pa.C.S. § 9756(b)(1).  In addition, the aggregate sentence of 25 to 50 years

_____
*   Retired Senior Judge assigned to the Superior Court.

exceeded the district attorney's aggregate sentence recommendation by five to ten years.

This Court may vacate a sentence, even though it is within the sentencing guidelines, if the sentence is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2); *Commonwealth v. Sarvey*, 199 A.3d 436, 456 (Pa. Super. 2018); *Commonwealth v. Coulverson*, 34 A.3d 135, 146, 150 (Pa. Super. 2011). A sentence at the highest end of the sentencing guidelines may be set aside as clearly unreasonable if the sentencing court in imposing that sentence has failed to consider all of the factors set forth as standards for sentencing in 42 Pa.C.S. § 9721(b): the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. *Coulverson*, 34 A.3d at 147; *see also Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

Here, the sentencing court did not consider what sentence would be appropriate for the protection of the public or based on the defendant's potential for rehabilitation, instead focusing exclusively on the crime and the loss to the victim's family. Trial Court Opinion at 4-6; N.T. Sentencing at 63-64. The facts concerning the crime, however, did not show that it was so unusually heinous for a third-degree murder that the highest penalty for that crime should be imposed regardless of all other factors. The evidence presented by the Commonwealth at the sentencing was that Lumpkin's crime consisted of a single violent act, pushing the victim off a roof, in the course of a domestic dispute in which the victim was an active participant. N.T.

Sentencing at 26-27. *Compare Commonwealth v. Macias*, 968 A.2d 773, 774-75, 778-79 (Pa. Super. 2009) (maximum sentence for third-degree murder was not unreasonable where defendant beat the victim to death in the course of a robbery). The family's loss of a loved one here is real and tragic, but that loss is inherent in any third-degree murder. Moreover, the depth of the family's loss does not excuse the sentencing court from considering the other factors of the defendant's rehabilitative potential and the length of incarceration necessary to protect the public. *Coulverson*, 34 A.3d at 148-50. While the sentencing court's statement that it reviewed the pre-sentence report establishes that it had relevant information concerning Lumpkin's character, that fact does not conclusively establish that it properly weighed all factors or insulate its sentence from review where, as here, it has imposed an extreme sentence and its statements make clear that it focused exclusively on retribution and treated the pre-sentence report in a perfunctory fashion. *Id.* at 150.

Because the sentencing court imposed an extremely long sentence without adequate consideration of all required factors, I would hold that the sentence was clearly unreasonable. I would therefore vacate the judgment of sentence and remand this case for resentencing.