**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANETTE ORTIZ, | : | |
| | : | |
| Appellant | : | No. 2780 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005169-2017

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 10, 2019**

Appellant, Janette Ortiz, appeals from the aggregate judgment of sentence of 36 to 84 months of confinement followed by 48 months of probation, which was imposed after her jury trial convictions for:  controlled substance contraband to confined persons prohibited ("contraband"); manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance ("PWID"); and criminal use of communication facility.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.   *See* Trial Court Opinion, November 20, 2018, at 1-8.  Therefore, we have no reason to restate them

_____

[1] 18 Pa.C.S. § 5123(a), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 7512(a), respectively.

*   Retired Senior Judge assigned to the Superior Court.

at length here.  For the convenience of the reader, we briefly note that, on June 20, 2017, Appellant was arrested on the above enumerated charges as a result of purchasing Suboxone, repackaging it, and delivering it to her son, an inmate at the State Correctional Institution -- Chester.  When interviewed at her home by agents from the Pennsylvania Department of Corrections, Bureau of Investigations Intelligence, Appellant admitted to the crimes.

On March 19, 2018, Appellant filed a motion to suppress her statement, contending that her "custodial detention . . . was illegal, without probable cause, and without any lawful warrant of arrest."  Motion to Suppress Statements, 3/19/2018, at ¶ 2.  The motion further alleged that Appellant "was not advised of her constitutional rights and did not waive her right to counsel or her right against self-incrimination" and that "[a]ny statements obtained from her were not knowingly, intelligently, or voluntarily given[.]" *Id.* at ¶ 4.  The motion also pleaded that Appellant "was repeatedly threatened and coerced during interrogations by police officers and any statements obtained from her were not voluntarily given and were not the product of her free will." *Id.* at ¶ 5.

The trial court held a suppression hearing on April 23, 2018.[2]  At the beginning of the hearing, Appellant expanded upon her argument in her

_____

[2] Appellant had a certified English-Spanish interpreter present throughout the hearing.  N.T., 4/23/2018, at 3.

written motion to suppress, contending that her waiver of her rights to counsel and against self-incrimination were not valid, because she was not given oral or written *Miranda*[3] warnings in Spanish. N.T., 4/23/2018, at 4.

Agent Darrell Bradley testified that, prior to Appellant giving her statement, he read the *Miranda* warnings to her in English and that Appellant signed a form in English, stating that she understood her rights. *Id.* at 9; Exhibit CS-1. Agent Bradley continued: "As we were speaking with her, we asked her if she was receiving money, if she had any evidence in her house, maybe a note written from her son, at which time we asked her to consent to a search of her residence." N.T., 4/23/2018, at 14. Appellant signed a consent form for the search, and three cellular telephones were seized. *Id.* at 15, 17; Exhibit CS-3. Agent Bradley's testimony continued:

> Q    Did [Appellant] converse in English to you?
>
> A    She did.
>
> Q    And by converse in English, I mean was she answering your questions yes and – yes or no, or was she actually physically explaining in full sentences?
>
> A    She was explaining in full sentences.

N.T., 4/23/2018, at 18. Agent Bradley testified that, at no time did Appellant tell him that she could not speak, read, or understand English. *Id.* at 11.

Agent Jeffrey Theobald corroborated Agent Bradley's testimony, confirming that Appellant spoke to him and Agent Bradley in English, read the

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

forms in English without issue, and never told either of them that she was having trouble comprehending or communicating in English. *Id.* at 32. Agent Theobald added that Appellant never asked to call an attorney. *Id.* at 36.

Appellant testified that she had lived in the "Mainland United States" for 30 years. *Id.* at 41. Her testimony continued on cross-examination:

Q     You have had multiple listings or you have been in court multiple times for this case, correct?

A     Yes.

Q     And this is only the third time out of all these listings that we've had an interpreter here?

A     That I remember

*Id.* at 52. She admitted that this action was "not [her] first time in the criminal justice system." *Id.* at 56.

After taking the matter under advisement, the trial court issued an order on April 27, 2018, denying Appellant's motion to suppress. Order, 4/27/2018.

On July 13, 2018, a jury convicted Appellant of the above-listed counts. On August 23, 2018, the trial court sentenced Appellant to the aforementioned judgment of sentence. On September 21, 2018, Appellant filed this timely direct appeal.

On October 22, 2018, Appellant filed her statement of errors complained of on appeal, which stated, in its entirety, as follows:

1.     **Erroneous Ruling of April 27, 2018 Denying [Appellant]'s Motion to Suppress Statements made in the absence of a Valid Miranda Warning**

Appellant is entitled to a new trial because her Pa. Const. art. I § 9 and U.S. Const. amend. V & XIV self-incrimination and due

process rights were violated when the trial court denied Appellant's Motion to Suppress [Appellant]'s Statements made during a custodial interrogation to law enforcement authorities in the absence of a valid Miranda Warning given to her in her native language of Spanish in a manner which she was be able to understand what her rights were.

2. **Erroneous Ruling of April 27, 2018 Denying [Appellant]'s Motion to Suppress Statements Made Under Duress by Threat and Coercion after a request to speak with an attorney.**

Appellant is entitled to a new trial because her Pa. Const. art. I § 9 and U.S. Const. amend. V, VI & XIV self-incrimination, right to counsel and due process rights were violated when the trial court denied her Motion to Suppress [Appellant]'s Statements that were given under duress by threat and coercion during a custodial interrogation to law enforcement authorities in the absence of a valid Miranda Warning and after she requested to speak with an attorney.

3. **Erroneous Verdict on July 13, 2018 Due to Insufficient Evidence to Support a Guilty Verdict for 35 P.S. § 780-113 (a) (30) Possession of a Controlled Substance with the Intent to Deliver.**

Appellant challenges the sufficiency of evidence and is entitled to a new trial, because her Pa. Const. art. I § 9 and U.S. Const. amend. XIV due process rights were violated and the Appellant did not receive a fair and impartial trial because the Commonwealth's evidence was insufficient and lacked proof beyond a reasonable doubt as to the offense element of "possession of a controlled substance" and the offense element of "intent to deliver" to support a verdict of guilt.

4. **Erroneous Verdict on July 13, 2018 Due to Insufficient Evidence to Support a Guilty Verdict for 18 Pa.C.S.[] § 7512 Criminal Use of Communication Facility.**

Appellant challenges the sufficiency of evidence and is entitled to a new trial, because her Pa. Const. art. I § 9 and U.S. Const. amend. XIV due process rights were violated and the Appellant did not receive a fair and impartial trial because the Commonwealth's evidence was insufficient and lacked proof beyond a reasonable doubt as to the offense element of "use of a communication facility" to support a verdict of guilt.

J-S42042-19

> 5. **Erroneous Verdict on July 13, 2018 Due to Insufficient
> Evidence to Support a Guilty Verdict for 18 Pa.C.S.[] § 5123
> Contraband/Controlled Substance.**
>
> Appellant challenges the sufficiency of evidence and is entitled to
> a new trial, because her Pa. Const. art. I § 9 and U.S. Const.
> amend. XIV due process rights were violated and the Appellant
> did not receive a fair and impartial trial because the
> Commonwealth's evidence was insufficient and lacked proof
> beyond a reasonable doubt as to the offense element of "sells,
> gives, transmits or furnishes a controlled substance" to support a
> verdict of guilt.

Appellant's Concise Statement of Matters Complained of on Appeal pursuant

to Pa.R.A.P. 1925(b), 10/22/2018 (bolding in original).[4]

> Appellant now presents the following issues for our review:
>
> 1)  Whether the [trial] court erred in refusing to suppress the
> statement that [Appellant] allegedly supplied to police since it was
> the fruit of a seizure conducted without legal justification and in
> violation of her state and federal constitutional rights?
>
> 2)  Whether the [trial] court erred in refusing to suppress the
> statement that [Appellant] allegedly supplied to police since it was
> the product of improper inducement with a defective Waiver of
> Miranda rights, and therefore, not knowingly, intelligently, or
> voluntarily made?
>
> 3)  Whether the sentence is illegal since the crimes of
> Contraband . . . and [PWID] should have merged?
>
>> (This issue was not included in the Appellant's 1925(b)
>> Statement and is raised for the first time in this brief)
>
> Counsel for the [A]ppellant is waiving the sufficiency of the
> evidence claims raised in the Appellant's 1925(b) Statement.

Appellant's Brief at 8 (trial court's answers omitted).

---

[4] The trial court entered its opinion on November 20, 2018.

- 6 -

Appellant first urges this Court to conclude that "the [trial] court erred when it refused to suppress the statement [she] allegedly supplied to police since it was the fruit of an unlawful seizure." *Id.* at 15. Appellant did not include this challenge in her statement of errors complained of on appeal, which appears verbatim and in its entirety above. Thus, this claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Appellant's next claim concerns the denial of her motion to suppress her statement:

> The [trial] court erred in refusing to suppress [Appellant]'s alleged statement to agents since it was the product of improper inducement and defective Miranda warning, and therefore, not knowingly, intelligently, or voluntarily made.
>
> The statement that [A]ppellant allegedly supplied to [A]gents Bradley and Theobald was not knowingly, voluntarily, or intelligently made because the agents coerced her with threats and abuse, and induced her to speak.

Appellant's Brief at 19.

Preliminarily, we observe that Appellant made no mention of her statement being the product of coercion, duress, threats, or any similar actions by the agents in her "Statement of Questions Involved" in her brief to this Court, nor is any such claim implied therein. *Id.* at 8. Any issue concerning coercion, duress, threats, or abuse is therefore waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

As for Appellant's remaining suppression claim – *i.e.*, that her *Miranda* warnings were improper, as they were given in English, when she is a native Spanish speaker, thereby rendering her confessional statement to the agents to be invalid, *see* Appellant's Brief at 8 ¶ 2 & 19 – we begin by stating our standard of review:

> In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Yim*, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted). Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. *Commonwealth v. Fulton*, 179 A.3d 475, 487 (Pa. 2018).

In *Commonwealth v. Padilla*, 854 A.2d 549, 552-53 (Pa. Super. 2004), this Court found that the defendant's waiver of his *Miranda* rights was voluntary, "although the record support[ed] a determination that [the defendant] could not read or write English and needed an interpreter to aid in his comprehension of written documents[.]" This Court reached such a

conclusion, because: (1) prior to giving his statement, the defendant had indicated to an officer that he understood his rights, was willing to give a statement, and did not wish to consult with an attorney; (2) the officer testified that the defendant spoke English well; and (3) the defendant had familiarity with criminal proceedings. *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John P. Capuzzi, Sr., we conclude Appellant's circumstances are analogous to those of *Padilla*, *id.*, and that, accordingly, her second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question:

> Th[e trial c]ourt determined that Appellant did possess sufficient knowledge or fluency in the English language in order to validly waive her *Miranda* rights; and therefore, denied the motion to suppress. The credible testimony of Agent Bradley and the corroborating testimony of Officer Theobald provide that Appellant was able to interact with them in English, listening to their questions and responding in full sentences [in English]. Similarly to the Defendant in *Padilla*, Appellant was read the *Miranda* Form and agreed that she understood its contents as evidenced by her signature. At no time during the interview did Appellant ask for an attorney or ever indicate to either Agent that she did not understand due to a language barrier; Appellant answered in full sentences and testified that she has been in the United States for thirty years and is familiar with the court system. Furthermore, Appellant was before th[e trial c]ourt on several occasions where Appellant actively participated and understood what was occurring without a translator. As the record from the

- 9 -

suppression hearing supports these factual findings,[5] and are properly applied to the relevant case law, the denial of the [m]otion [to suppress] should be affirmed.

Trial Court Opinion, filed November 20, 2018, at 9-10. Accordingly, we affirm Appellant's second challenge on the basis of the trial court's opinion.

Finally, Appellant contends that contraband merges with PWID, but this Court rejected the theory that these charges merge in **Commonwealth v. Sarvey**, 199 A.3d 436, 451 (Pa. Super. 2018).[6]

Based on the foregoing, Appellant is not entitled to relief on any of her appellate issues. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19

_____

[5] The trial court's factual findings are supported by the record at the suppression hearing. N.T., 4/23/2018, at 9, 11, 18, 32, 36, 41, 52, 56; Exhibit CS-1; **see Fulton**, 179 A.3d at 487; **Yim**, 195 A.3d at 926.

[6] Although Appellant did not include this issue in his statement of errors complained of on appeal, a challenge to the legality of a sentence cannot be waived. **See Commonwealth v. Vargas**, 108 A.3d 858, 876–77 n.13 (Pa. Super. 2014) (*en banc*) ("[l]egality of sentence questions are not waivable"); **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (same).