J-S19041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS ANTHONY MILLIARD | : | |
| | : | |
| Appellant | : | No. 1348 WDA 2020 |

Appeal from the PCRA Order Entered November 16, 2020
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000284-2012

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 8, 2021**

Francis Anthony Milliard (Milliard) appeals from the order entered in the Court of Common Pleas of Elk County (PCRA court) dismissing his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Milliard claims that trial counsel was ineffective for failing to call his daughter, Angeline Milliard (Angel), as an alibi witness at his trial on attempted homicide.  We affirm.

**I.**

**A.**

The relevant facts and procedural history of this case are as follows.  On June 24, 2011, Milliard and his son, Anthony Milliard (Anthony), went to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

home of the victim, Todd Asti (Asti), to collect a drug debt. Milliard regularly sold marijuana to Asti, who owed him $300.00. In recorded statements to police obtained in July 2012, which were later played for the jury at Milliard's trial, Anthony admitted to accompanying his father to Asti's home. He observed Milliard strike Asti in the head multiple times with a baseball bat-like club. Asti sustained a traumatic brain injury and underwent several surgeries. He is confined to a wheelchair.

At Milliard's 2016 jury trial, Angel was present as a Commonwealth witness but was not called by either the Commonwealth or the defense. On February 9, 2016, the jury convicted Milliard of attempted homicide, aggravated assault and recklessly endangering another person. On July 20, 2016, the trial court imposed an aggregate sentence of twenty to forty years' incarceration. This Court affirmed the judgment of sentence on November 30, 2017. (**See Commonwealth v. Milliard**, 2017 WL 5951678 (Pa. Super. filed Nov. 30, 2017)). Milliard did not seek further direct review.

Milliard, acting *pro se*, filed the instant timely PCRA petition on December 26, 2018, asserting claims of ineffective assistance of counsel. Appointed counsel filed an amended petition on May 6, 2019. The PCRA court held a hearing on the ineffectiveness issue on September 24, 2019, at which trial counsel, Jeffrey Scott DuBois, Esq., and Angel testified.

**B.**

Attorney DuBois testified that he prepared a notice of alibi for Angel at Milliard's request before he met with her as a potential witness. Attorney DuBois knew Angel because she had been his court-appointed client in at least two prior cases. Regarding her potential testimony in this case, Attorney DuBois testified:

> Q: And what did she tell you as far as potential testimony in the case?
>
> A: She refused.
>
> Q: Did you subpoena her?
>
> A: No, because when I questioned her on what she would say if she were subpoenaed . . . the evidence would have been very adverse to my client had she testified. So I did not subpoena her because in my practice in testing any kind of trial, I do not call anyone that either A, I don't know what they're going to say or if what they're going to say is going to be adverse to my client.
>
> \*     \*     \*
>
> Q: . . . If you would have spoken with Angel Milliard first, would you have even filed the alibi notice?
>
> A: More than likely not. . . .
>
> Q: Can I be more direct and ask the question, would she have provided an alibi for Mr. Milliard? . . .
>
> A: No, she would not have. That's the reason why I obviously did not want to call her.

(N.T. PCRA Hearing, 9/24/19, at 19-20, 25).

Angel testified that Attorney DuBois never contacted her and that she approached him to advise that she wanted to be called as a witness. She averred:

> A: I told him I was with my father that morning and I lived at the house with my father and the night before I was with my father.
>
> * * *
>
> Q: Can you think of anything you said to Attorney DuBois in either of your two visits that would have been harmful to your father's case?
>
> A: No.
>
> Q: And were you willing to testify at trial?
>
> A: Yes, I was.

(*Id.* at 41, 44). Angel explained that she did not want to testify for either the Commonwealth or the defense at trial because she does not like court proceedings, but that she went to Attorney DuBois in a "last-minute attempt to try to help [Milliard] because it was the right thing to do. And I just never got called." (*Id.* at 54; *see id.* at 63-64). Angel acknowledged that although she was subpoenaed as a Commonwealth witness and was present at trial, she never told the district attorney's office that she could provide an alibi for her father. (*See id.* at 57, 59-60).

The PCRA court denied Milliard's PCRA petition finding Attorney DuBois credible and found that his "decision-making process to avoid testimony which would damage his client to have been sound." (Trial Court Opinion, 11/16/20,

at 3). Milliard timely appealed and he and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925.

**II.**

**A.**

On appeal, Milliard contends trial counsel was ineffective for not calling Angel as an alibi witness. He maintains that counsel had no sound reason for this decision and that he provided only a bald assertion that Angel's testimony would have been damaging to the defense. Milliard contends counsel's failure was prejudicial and deprived him of a fair trial because he "did not get his day in court, but rather a partial day" because the jury did not hear or assess the credibility of Angel's testimony. (Milliard's Brief, at 10).[1]

**B.**

We begin by noting that we presume counsel has rendered effective assistance. *See Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018). "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a

---

[1] In reviewing a denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's determination and whether its decision is free of legal error. *See Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021). "In reviewing credibility determinations, we are bound by the PCRA court's findings so long as they are supported by the record." *Id.* (citation omitted). "The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." *Id.* (citation omitted).

result." **Id.** (citation omitted). "If a petitioner fails to prove any of these prongs, his claim fails." **Id.** (citation omitted). "Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Selenski**, 228 A.3d 8, 16 (Pa. Super. 2020), *appeal denied*, 240 A.3d 462 (Pa. 2020) (citation omitted). "Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Id.** (citation omitted).

When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner must demonstrate: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; **and** (5) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial." **Commonwealth v. Orner**, 2021 WL 1620048 at *4 (Pa. Super. filed Apr. 27, 2021) (*en banc*) (emphasis added). To establish prejudice, a petitioner must show how the uncalled witness' testimony would have been beneficial under the circumstances of the case. **See id.**

**C.**

In this case, Attorney DuBois testified at the PCRA hearing that he met with Angel at Milliard's request to explore whether to call her as a witness. He determined that doing so would be detrimental to Milliard's case and she would not be able to provide him with an alibi. The record shows Attorney DuBois thoroughly investigated Angel as a possible witness and made a reasonable strategic decision not to call her based on his conclusion that her testimony "would have been very adverse to my client." (N.T. PCRA Hearing, at 20); **see also Selenski**, **supra** at 16.

Additionally, as the PCRA court noted, Angel was present during Milliard's entire trial and she neglected to tell the Commonwealth anything about the purported alibi information, despite the serious charges and lengthy prison sentence faced by her father. (**See** Trial Ct. Op., at 3). The PCRA court specifically found Angel's version of events incredible and instead credited Attorney DuBois' testimony that any evidence provided by Angel would have been harmful to the defense. The court's credibility determinations are amply supported by the record. **See Lopez**, **supra** at 998.

Based on the foregoing, we conclude Milliard failed to show that Angel's testimony would have been beneficial to his case or establish that the absence of her testimony was so prejudicial as to have denied him a fair trial. **See Orner**, **supra** at *4. Accordingly, Milliard's claim that trial counsel was ineffective for declining to call Angel as an alibi witness merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021