J-S21032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOREN RYAN STAINS | : | |
| | : | |
| Appellant | : | No. 1652 MDA 2021 |

Appeal from the PCRA Order Entered November 18, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001859-2018

BEFORE:  DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　**FILED: JULY 19, 2022**

Loren Ryan Stains (Stains) appeals from the order entered in the Court of Common Pleas of Franklin County (PCRA court) dismissing his first timely petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Stains challenges the validity of the negotiated guilty plea he entered on charges filed against him in seven criminal cases by arguing that counsel pressured him into accepting the plea.  We affirm.

**I.**

**A.**

The relevant facts and procedural history of this case are as follows.  On November 1, 2019, Stains entered a negotiated guilty plea to aggravated

_____

[*] Retired Senior Judge assigned to the Superior Court.

assault, aggravated assault by vehicle while driving under the influence of a controlled substance (DUI), fleeing or attempting to elude a police officer, and DUI (third offense).[1] The charges stem primarily from Stains' initiation of a high speed chase in March 2018 while he was driving under the influence of synthetic marijuana when Pennsylvania State Police Trooper Nathan Conway attempted to stop his vehicle. Stains' car crashed into Trooper Conway's cruiser and although Conway was not injured in the accident, Stains' passenger, Betsy Clark, was seriously injured.

At the guilty plea and sentencing hearing, Stains indicated that he understood the "**total aggregate sentence [of] 11 years to 25 years**" applied "across all seven cases" that were pending against him, and that in exchange for his entry of the plea the Commonwealth would *nolle pros* several related charges. (N.T. Guilty Plea, 11/01/19, at 2, 4) (emphasis added). The Assistant District Attorney reviewed the terms of the written plea colloquy with Stains and he averred:

> [The Commonwealth]: Did you answer each of the questions [in the written colloquy] truthfully?
>
> [Stains]: Yes.
>
> [The Commonwealth]: **Did you have the assistance of your attorney while doing so**?
>
> [Stains]: **Yes**.

---

[1] 18 Pa.C.S. § 2702(a)(2), 75 Pa.C.S. §§ 3735.1(a), 3733(a) and 3802(d)(2).

[The Commonwealth]: Is that your signature on page 6?

[Stains]: Yes.

(*Id.* at 5) (emphasis added).

The trial court conducted an oral colloquy and Stains indicated that he understood the nature of the offenses to which he was pleading guilty, that he had the right to a jury trial, and that he was aware that a trial had been scheduled for early January. (*See id.*). Stains stated:

[The Court]: **Have you had adequate time to discuss the entry of the plea with your attorney**?

[Stains]: **Yes**.

[The Court]: **[Defense counsel], has your office had sufficient time with the Defendant**?

**[Defense counsel]: Yes. We've been working on this for quite some time.**

[The Court]: Was anything promised to you in exchange for the plea not written down on this agreement?

[Stains]: No.

[The Court]: **Is anybody forcing you, threatening you, or coercing you to do this today against your will**?

[Stains]: **No**.

(*Id.* at 6-7).

Regarding the factual basis for the lead charges, Stains explained that he "was under the influence and fled from the state trooper and there was an accident. And a victim in the car was injured." (*Id.* at 7). When the court asked if he intended to cause Trooper Conway serious bodily injury, Stains

responded "Yes." (*Id.* at 8). Stains acknowledged that Ms. Clark was seriously injured in the accident that occurred after police "activated overhead lights and siren and were trying to get [him] to stop and [he] refused[.]" (*Id.*).

The trial court accepted Stains' guilty plea and asked: "is there anything you want to say before I impose the sentences you've agreed upon?" to which Stains answered, "No." (*Id.* at 11). The trial court sentenced him in accordance with the plea agreement to an aggregate term of 11 to 25 years' incarceration. Stains did not file a post-sentence motion or direct appeal.

**B.**

Stains filed the instant timely PCRA petition on October 15, 2020, contending that plea counsel pressured him into entering an involuntarily guilty plea. The PCRA court held a hearing on the petition on October 22, 2019, at which Stains was the sole witness.[2]

Stains testified that on the day he entered the plea, he appeared in court for the purpose of attending a pretrial conference and that when he arrived, he had no knowledge of a plea offer. Stains recounted that Teri,[3] a paralegal

---

[2] The issue before the PCRA court at the hearing was limited to the voluntariness of Stains' plea as it related to his claims of coercion by plea counsel. Stains withdrew an issue concerning sentencing he had initially raised in his PCRA petition. (*See* N.T. PCRA, 10/22/19, at 30-33).

[3] Teri's surname is not apparent from the record.

from plea counsel's office, "pulled [him aside and . . .] said there's a deal on the table [but that he] didn't really want it." (N.T. PCRA Hearing, at 8). Stains testified that he did not understand the difference between concurrent and consecutive sentences, and that he was not told how the sentences would run. (*See id.* at 10-11, 15). Stains recalled that Teri reviewed the guilty plea colloquy with him instead of his attorney, and that he didn't have contact with counsel until he entered the courtroom. At that point, Stains wanted to go to trial, but felt pressured to accept the plea because: "my lawyer would not represent me because he said about quitting on me if I lost trial he wouldn't file no appeals for me." (*Id.* at 16). Stains also wanted to contest the aggravated assault by vehicle while DUI charge involving Trooper Conway and repeatedly informed plea counsel and Teri that he "never intentionally hurt nobody in this accident" but Teri told him he "would have to lie[.]" (*Id.* at 16-17).

On cross-examination, Stains acknowledged that in the written guilty plea colloquy, he averred that he was satisfied with counsel's representation, that counsel had not refused to take any action that he had requested, that no threats or promises had been made to persuade him to enter the plea, and that his plea was voluntary and in his best interests. (*See id.* at 22-23). Likewise, during the oral plea colloquy, Stains had raised no concerns regarding counsel's representation nor did he advise the trial court at any point that counsel had threatened to withdraw from representation if he did

not take the plea, despite the "full opportunity [he had] to speak to the Court." (*Id.* at 25; *see id.* at 23-24).

The PCRA court denied Stains' petition on November 18, 2021, finding that his claims lacked merit because his "testimony now is in direct contradiction to that given at the time he entered his plea and was sentenced." (PCRA Court Opinion, 11/18/21, at 4). Stains timely appealed and he and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

## II.

On appeal, Stains contends that counsel's ineffectiveness in the form of undue pressure led him to enter an unlawfully induced guilty plea.[4] Stains maintains the PCRA court erred in finding his testimony not credible on the basis that it was inconsistent with the statements that he made at the plea hearing, given that the Commonwealth failed to call plea counsel as a witness to rebut his PCRA testimony. According to Stains, he entered the plea "against his better judgment" and that it was "induced by the more overpowering collective will of trial counsel," who threatened to withdraw from the case if he refused to enter the plea. (Stains' Brief, at 17). Stains reiterates that Teri reviewed the terms of the plea agreement with him instead of counsel and

---

[4] The Commonwealth did not file a brief.

that he advised counsel that he did not want to plead guilty to the aggravated assault charge involving Trooper Conway.[5]

**A.**

"A criminal defendant has the right to effective counsel during a plea process as well as during a trial." ***Commonwealth v. Kehr***, 180 A.3d 754, 760 (Pa. Super. 2018) (citation omitted). A PCRA petitioner "is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (citation omitted). Additionally, "**a defendant is bound by the statements which he makes during his plea colloquy**." ***Id.*** at 1281 (citation omitted; emphasis added). As such, a petitioner **may not assert grounds for withdrawing the plea that contradict the statements he made when he entered it**. ***See id.***

_____

[5] In reviewing a denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. ***See Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021). "In reviewing credibility determinations, we are bound by the PCRA court's findings so long as they are supported by the record." ***Id.*** (citation omitted). "The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." ***Id.*** (citation omitted).

We conduct our review of Stains' claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA. **See id.** "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Sarvey**, 199 A.3d 436, 452 (Pa. Super. 2018), *appeal denied*, 208 A.3d 62 (Pa. 2019) (citation omitted). "If a petitioner fails to prove any of these prongs, his claim fails." **Id.** (citation omitted). Moreover, counsel is presumed to be effective. **See id.**

### B.

Instantly, we agree with the PCRA court's determination that Stains' challenge to the validity of his guilty plea on grounds that it was unlawfully induced by counsel lacks arguable merit. As outlined above, the Commonwealth reviewed the terms of the written guilty plea with Stains on the record, and the trial court conducted a thorough oral colloquy to ensure that he was aware of all of the implications of his decision to enter the plea. Although Stains now characterizes the plea agreement as taking him by surprise, his own statements at that time, which indicated that he had adequate time to discuss the plea with his attorney, as well as counsel's statement that he had been working on the plea "for quite some time," flatly contradict this characterization. (N.T. Guilty Plea, at 6).

Furthermore, at the time of the plea, Stains acknowledged the length of the aggregate sentence and the fact that the negotiated sentence operated to resolve charges filed against him in seven cases. He also unequivocally admitted to his intent to harm Trooper Conway during the incident and affirmed that by accepting the plea he was waiving his right to a jury trial, including the trial that had already been scheduled for January. Stains categorically averred that he was entering the plea of his own free will without coercion or threats.

In sum, despite Stains' contention that his plea was unlawfully induced, he "is bound by the statements which he ma[de] during his plea colloquy" and may not assert grounds for withdrawing his plea that contradict the statements he made at that time. **Orlando**, **supra** at 1281. Accordingly, Stains' claim that plea counsel was ineffective merits no relief. Therefore, the PCRA court correctly held that the plea was not involuntary or unknowing, as Stains freely gave up his opportunity to proceed to trial in exchange for the negotiated guilty plea and agreed-upon sentences.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/19/2022