J-S26044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN SHANE SHATZER | : | |
| | : | |
| Appellant | : | No. 8 MDA 2024 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000700-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN SHANE SHATZER | : | |
| | : | |
| Appellant | : | No. 358 MDA 2024 |

Appeal from the PCRA Order Entered March 21, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000699-2018

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: AUGUST 6, 2024**

Brian Shane Shatzer appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and procedural history may be summarized as follows.  On March 19, 2018, Shatzer was charged at each of the above dockets with one

count of delivery of a controlled substance and one count of criminal use of a communications facility after an investigation by the Franklin County Drug Task Force revealed that Shatzer had, on two separate occasions in December 2017, sold oxycodone pills to a confidential informant.[1]

Following a two-day trial, a jury convicted Shatzer on all charges. On August 28, 2019, the trial court sentenced Shatzer to an aggregate term of five to ten years in prison. The trial court denied Shatzer's timely post-sentence motion. Shatzer appealed. In his direct appeal, Shatzer claimed 1) all of the charges should have been dismissed based on a Pa.R.Crim.P. 600 violation; 2) the trial court abused its discretion by sentencing him using the incorrect gravity score; and 3) the trial court should have credited him for time served beginning January 26, 2018.

On October 15, 2020, this Court affirmed Shatzer's judgment of sentence. *Commonwealth v. Shatzer*, 241 A.3d 429 (Pa. Super. 2020) (non-precedential decision). We concluded that Shatzer's first two issues were not properly preserved for review.[2] This Court rejected Shatzer's third

---

[1] On January 26, 2018, Shatzer was charged at a different docket number with one count of drug delivery resulting in death as the result of an unrelated incident in which Schatzer sold narcotics to an individual who later suffered a fatal drug overdose. He was convicted after a jury trial and later sentenced to 114 to 240 months in prison, with credit for time served.

[2] In a footnote, this Court stated that even if Shatzer had preserved his Rule 600 claim, we would conclude that it lacked merit given that the record reflected several delays attributable to Shatzer or his counsel. This Court did

*(Footnote Continued Next Page)*

issue on its merits because Shatzer already received time credit when he was sentenced for his drug delivery resulting in death conviction.

On September 9, 2021, Shatzer filed a timely *pro se* PCRA petition and the PCRA court appointed counsel. PCRA counsel filed an amended petition on February 4, 2022. On February 25, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Shatzer's petition without a hearing. Shatzer did not file a response. By order entered March 21, 2022, the PCRA court denied Shatzer's petition. Although Shatzer did not file a timely appeal, his PCRA appellate rights were reinstated on December 4, 2023, and current counsel was appointed. These appeals followed, which we later consolidated. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Shatzer raises the following issue on appeal:

1. Did the [PCRA] court err and/or [abuse] its discretion in dismissing [Shatzer's] Amended Post Conviction Relief Act Petition filed February 4, 2022, without a hearing where counsel failed to include a statement in compliance with Pa.R.A.P. 2119(f) in his appellate brief which resulted in [Shatzer's] sentencing claim being precluded from appellate review?

Shatzer's Brief at 8.[3]

_____

not provide a similar analysis regarding Shatzer's discretionary sentencing claim.

[3] The Commonwealth did not file a brief in these appeals, or a letter even acknowledging the appeals were filed, but that it would not be filing a brief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Shatzer's claim challenges the effectiveness of counsel.[4] To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner

---

[4] On February 28, 2024, after current counsel filed an appellate brief, Shatzer filed a *pro se* "Notice to Courts and Counsel," wherein he attempts to supplement current counsel's claims pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding that a PCRA petitioner, after PCRA relief is denied and after obtaining new counsel or acting *pro se*, may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal). Here, Shatzer is still represented by current counsel such that Shatzer cannot challenge his effectiveness under *Bradley*. Nonetheless, as discussed *infra*, Shatzer's claim regarding a Rule 600 violation and a time credit issue have already been rejected on direct appeal as meritless. Thus,
*(Footnote Continued Next Page)*

must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. **Commonwealth v. Travaglia**, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

---

to the extent we characterize Shatzer's filing as an application for relief to challenge PCRA counsel's ineffectiveness, it is denied.

We first note that Shatzer's claim is cognizable under the PCRA. *See Commonwealth v. Sarvey*, 199 A.3d 436, 455 (Pa. Super. 2018) (explaining "claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA").

To succeed on an ineffectiveness claim for failure to preserve a challenge to the discretionary aspects of sentencing, the PCRA petitioner must demonstrate prejudice, *i.e.*, the underlying sentencing claim merits relief. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1131-32 (Pa. 2007) (explaining an ineffectiveness claim for failure to preserve a discretionary sentencing issue requires showing a reasonable probability that the sentencing court would have imposed a lesser sentence).

Here, the PCRA court concluded that Shatzer failed to demonstrate that he suffered prejudice as a result of counsel's failure to preserve Shatzer's sentencing claim by filing a Pa.R.A.P. 2119(f) statement. The court noted that the waived sentencing claim was raised and addressed by the trial court in response to Shatzer's post-sentence motion. The PCRA court then relied upon its prior rationale as stated in its opinion accompanying its Rule 907 notice:

> [Shatzer] alleges, "the District Attorney provided his counsel with a document showing the Offense Gravity Score [("OGS")] of 5 [instead of 7]. Shatzer alleges that he [relied] on said information in choosing to try the case and that the District Attorney should be bound to the information he provided to his attorney." While the Commonwealth appears to acknowledge that it incorrectly assigned an OGS of 5 to the delivery charges in preparing pretrial discovery sentence guidelines, ultimately it is the court's obligation to correctly calculate the OGS score to be

used at sentencing. We agree that it is the court's obligation to ensure that a correctly calculated and applicable OGS was used in imposing sentence. In this case, the correct OGS [of 7] was used by the Adult Probation Department in preparing the sentencing included in the PSI. In turn, we used the correct OGS in imposing sentence.

\*\*\*

As the correct OGS was applied, this claim lacks merit.

PCRA Court Opinion, 1/29/24, at 9 (citations and excess capitalization omitted).

Our review of the record supports the PCRA court's conclusion. Indeed, Shatzer's claim that he would have not gone to trial had he known the true OGS for his crimes is refuted by the record. At a pretrial conference the trial court stated: "The Court notes that despite [Shatzer's] request to resolve these matters short of trial, the Commonwealth has not offered to do so as [Shatzer] has a third pending [drug delivery resulting in death] case the Commonwealth believes should be resolved with these two matters." Order of Court, 5/6/19, at 2. Moreover, Shatzer's claim does not actually involve a discretionary sentencing claim, but rather, a challenge to the voluntariness of his guilty plea. Even if counsel had properly preserved his sentencing claim, he would not have been entitled to relief.

In sum, the PCRA court correctly determined that Shatzer's ineffectiveness claim lacked merit and that an evidentiary hearing was not warranted. We therefore affirm the order denying Shatzer post-conviction relief.

Application denied.  Order affirmed.


Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/06/2024