J-A29004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK ELLIS TARTT, JR. | : | |
| | : | |
| Appellant | : | No. 449 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 2, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001789-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: FEBRUARY 3, 2025**

Appellant, Frank Ellis Tartt, Jr., appeals from the judgment of sentence entered on November 2, 2023, following his open guilty plea to 16 firearms and narcotics related offenses.[1] We affirm.

On August 2, 2023, Appellant entered an open guilty plea to the aforementioned charges. The trial court ordered the preparation of a pre-sentence investigation ("PSI") report and scheduled sentencing for November 2, 2023. *See* N.T., 8/2/2023, at 10. On November 2, 2023, the

---

[1] Appellant pled guilty to three counts each of receiving stolen property and persons not to possess a firearm, together with five counts each of possession with intent to deliver narcotics (PWID) and simple possession of narcotics (marijuana, fentanyl, cocaine, crack cocaine, and methamphetamine). 18 Pa.C.S.A. §§ 3925(a) (receiving stolen property), 18 Pa.C.S.A. § 6105(a)(1) (persons not to possess a firearm), 35 P.S. § 780-113(a)(30) (PWID), and 35 P.S. § 780-113(a)(16) (simple possession), respectively.

trial court imposed an aggregate sentence of 30 to 60 years of incarceration.[2]

***See*** N.T., 11/2/2023, at 8. After the trial court expressly granted several extensions of time, Appellant filed timely post-sentence motions on February 7, 2024. Following a hearing on March 18, 2024, the trial court denied relief by order entered on March 21, 2024. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. Did the sentencing court err when it failed to provide a meaningful explanation of its reasons for imposing its sentence, such that sentencing counsel and post-sentence counsel were unable to meaningfully develop a challenge to the discretionary aspects of sentencing for appeal?

2. Did the sentencing court abuse its discretion in imposing its sentence in part based on consideration of improper factors including numerous uncharged [] allegations of criminal conduct unrelated to [Appellant's] charged and pled-to conduct herein?

Appellant's Brief at 6.

Appellant's two discretionary sentencing issues are interrelated, so we will examine them together. First, Appellant argues that "the sentencing court failed to present an adequate statement of reasons for the imposition of

---

[2] The trial court provided a more detailed explanation of Appellant's punishment at sentencing, in its subsequent written sentencing order, and in its opinion pursuant to Pa.R.A.P. 1925(a). ***See*** N.T., 11/2/2023, at 35-38; ***see also*** Sentencing Order, 11/15/2023, at *1-5 (unpaginated); ***see also*** Trial Court Opinion, 6/23/2024, at 1-2.

[3] On April 11, 2024, Appellant filed a timely notice of appeal. On April 12, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 15, 2024. On June 23, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

sentence, merely referencing that it considered 'all information' [] without stating specifically which information of record it [] relied [up]on [] or the extent to which it weighed the [] information of record[.]" *Id.* at 18. Moreover, Appellant maintains that the trial court failed to reference 42 Pa.C.S.A. § 9721(b) or explain how a sentence of total confinement was consistent with the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. *Id.* Appellant posits that "[t]he sentencing court's post-hoc assertion of the reasons [for the sentence] in [its subsequent Rule] 1925(a) opinion does not cure this defect" because "this information [is] to be put on the record in open court at the time of sentencing" so that counsel can identify post-sentence challenges and appellate issues. *Id.* at 18-19. Appellant also argues the availability of a PSI report did not dispense with the trial court's obligation to place reasons on the record for the imposition of sentence. *Id.* at 19.

Next, Appellant "challenges the extent to which the sentencing court considered improper factors in imposing sentence." *Id.* at 20. Appellant argues that, at the sentencing hearing, "the Commonwealth presented testimony of a Pennsylvania State Police trooper … [who] speculated that [Appellant] engaged in shootouts to 'protect his profits' due to the presence of a bulletproof vest in the home." *Id.* at 21. Furthermore, Appellant asserts that "[t]here was also an off-the-record sidebar and an allegation that [Appellant] possessed a drug he wasn't charged with." *Id.* Appellant argues that "[i]n essence, the Commonwealth sought to portray [Appellant] as a

violent drug dealer who used weapons and engaged in fighting[.]" *Id.* at 50. Thus, Appellant suggests that the trial court improperly considered speculative testimony about unproven activity which constituted an abuse of discretion. *Id.* at 21. Accordingly, Appellant believes he is entitled to a new sentencing hearing. *Id.* at 55.

Appellant challenges the trial court's discretion in imposing his sentence. We adhere to the following standards:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.
>
> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that

the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Conklin*, 275 A.3d 1087, 1094 (Pa. Super. 2022) (internal citations and original brackets omitted).

Here, Appellant has satisfied the first three requirements as set forth above. He timely filed a notice of appeal, requested reconsideration of his sentence in a timely post-sentence motion, and his appellate brief contains the requisite Rule 2119(f) statement. *See* Appellant's Brief at 15-16. "A claim that the trial court failed to state adequate reasons for the sentence on the record raises a substantial question." *Commonwealth v. Goodco Mech., Inc.*, 291 A.3d 378, 405 (Pa. Super. 2023) (citation omitted); *see also Commonwealth v. Druce*, 796 A.2d 321, 334 (Pa. Super. 2002) (alleged improper consideration of matters outside the record presents a substantial question). As such, we will proceed to review Appellant's claims on appeal.

"In every case in which the court imposes a sentence for a felony or misdemeanor … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). This Court has stated:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. **The**

**sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the presentencing report**; thus properly considering and weighing all relevant factors.

A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question. When a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment.

*Conklin*, 275 A.3d at 1098 (internal citations, quotations and original brackets omitted; emphasis added).

As our Supreme Court further explained:

Today, of course, ordering of pre-sentence reports is the practice everywhere. [Prior Pennsylvania precedent has informed] the judiciary that a convicted defendant cannot be sentenced on the basis of the crime alone and that a full pre-sentence report informs the sentencing procedure.

[Our Supreme Court] emphatically reject[ed], therefore, interpretations of [Pennsylvania] law in this area which call for separate, written opinions embodying exegetical thought. Where pre-sentence reports exist, [appellate courts] shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **A pre-sentence report constitutes the record and speaks for itself.** In order to dispel any lingering doubt as to [its] intention of engaging in an effort of legal purification, [our Supreme Court] state[d] clearly that **sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.** This is particularly true [] in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish,

indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (emphasis added).

Here, the trial court not only had the benefit of a PSI report at the time of sentencing, but the pre-sentence investigator, Michael Poluszejko, who prepared the PSI report in this matter, testified at the sentencing hearing. ***See*** N.T., 11/2/2023, at 3-13. Poluszejko testified regarding the present offenses, Appellant's past offenses, and family history. ***Id.*** at 4-10. Appellant had a juvenile record that included adjudications for burglary and theft by unlawful taking. ***Id.*** at 6. As an adult, Appellant pled guilty to firearm offenses in 2007 and 2014. ***Id.*** Based on the foregoing, Poluszejko calculated Appellant's prior record score as five.[4] ***Id.*** at 8 and 11. Appellant did not have an employment record and told Poluszejko that "he was mostly self-employed when he worked." ***Id.*** at 7. Poluszejko noted that Appellant is currently receiving treatment for anxiety and depression. ***Id.*** at 12.

Likewise, Trooper Brett Massafra from the Pennsylvania State Police, testified at sentencing. ***Id.*** at 13-25. Trooper Massafra testified that the police investigated Appellant for drug trafficking for over one-year prior to his arrest. ***Id.*** at 14-15. Trooper Massafra testified that there were "upwards of 15 people" per day "coming in and out of [Appellant's] house" to purchase narcotics. ***Id.*** at 16-17. The police executed a search warrant on Appellant's residence following three police-controlled narcotics purchases. ***Id.*** at 15-17.

---

[4] Appellant did not object.

- 7 -

Upon executing the warrant, the police seized three loaded firearms, two of which were confirmed stolen. *Id.* at 17. Police also seized large quantities of cocaine, methamphetamine, crack cocaine, fentanyl, and marijuana. *Id.* at 18-19. The quantity of the recovered narcotics had a significant street value. *Id.* at 21. Trooper Massafra further testified that other items "consistent with drug trafficking" were seized, including a "bulletproof vest,[5] a cocaine press, scales, packaging material, tools for loading" narcotics, and "ammunition." *Id.* at 19.

Ultimately, when imposing Appellant's sentence, the trial court stated:

Okay, this sentence was based on all the information provided to the [c]ourt. I know that this is a heavy sentence and these are

_____

5    More specifically, Trooper Massafra testified:

[D]rug dealers typically will have a bulletproof vest if they feel they're going to be protecting their profits. The only other time you wear a bulletproof vest is if you're preparing to go into either some type of gun fight or battle. So, I would assume [Appellant] was probably using it to protect his profits and his drugs, which are potential profits.

N.T., 11/2/2023, at 21. Based upon the foregoing excerpt we reject Appellant's suggestion that the trial court improperly relied upon speculative evidence that Appellant "engaged in shootouts." In fact, Trooper Massafra testified that he assumed Appellant was prepared to protect his profits and drugs with the bulletproof vest, a logical inference to draw about Appellant's possession of such a vest under the undisputed circumstances presented in this case. Moreover, we reject Appellant's argument that the trial court impermissibly relied upon evidence of other, uncharged crimes. While there was an off-the-record sidebar at sentencing, there is no evidence that the trial court considered an allegation that Appellant possessed other drugs for which he was not charged. *See id.* at 29. For these reasons, we conclude that the trial court did not rely upon improper factors when sentencing Appellant and the second issue raised by Appellant lacks merit.

- 8 -

heavy charges. So it's based on everything that I had presented in front of me, the record, the statements made today, and this is within the standard range of sentencing provided by the state guidelines.

*Id.* at 43.

Upon review, we discern no abuse of discretion in sentencing Appellant. Because the trial court noted its awareness and review of a PSI report, as well as testimony from law enforcement and the pre-sentence investigator, the trial court satisfied the requirement that reasons for imposing sentence be placed on the record. The PSI report is included in the record and speaks for itself. Prior to sentencing, counsel for Appellant had an opportunity to review that PSI report and raise challenges. No objections were made during the sentencing hearing. Having been fully informed, the sentencing court's discretion should not be disturbed. Moreover, the trial court briefly stated that it imposed the sentence based upon the severity of the charges and the credible evidence presented to the court that showed Appellant was involved in large-scale drug distribution. Pennsylvania law is clear that the trial court is not under any compulsion to employ checklists or any extended or systematic definitions of its punishment procedure. Furthermore, Appellant's standard range sentence was not clearly unreasonable given the circumstances underlying his multiple guilty pleas and Appellant has not established that the trial court failed to impose an individualized sentence. *See Commonwealth v. Sarver*, 199 A.3d 436, 456 (Pa. Super. 2018); 42 Pa.C.S.A. § 9781(c)(2). Upon review, the circumstances demonstrate that the trial judge was aware of the sentencing considerations, and we will

presume also that the weighing process took place in a meaningful fashion. As such, Appellant's discretionary challenge does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/3/2025