J-S16026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANIQUE MATHIS | : | |
| | : | |
| Appellant | : | No. 1472 WDA 2025 |

Appeal from the PCRA Order Entered October 17, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000137-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                **FILED:  May 27, 2026**

Shanique Mathis appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

We glean the following from the certified record.  On October 16, 2022, four individuals, including Appellant, ambushed Cierra Pollock as she emerged from a bar's single-user bathroom because they were upset that they had to wait for her to leave the bathroom before they could use it.  In particular, Appellant punched her in the head multiple times and, after Ms. Pollock fell to the ground, Appellant continued to strike her with a glass bottle and then a pool ball.  Ultimately, the assailants left the bar and Ms. Pollock, bleeding profusely from the head, was hospitalized.  Multiple individuals captured the attack on their cell phones and thereafter posted to social media.  Based on the foregoing, the Commonwealth charged Appellant with aggravated assault as a felony of the first degree, as well as simple assault and harassment.

On the day set for jury selection, Appellant entered a plea bargain. As part of that deal, the Commonwealth amended the lead charge to aggravated assault with a deadly weapon, which is a felony of the second-degree. Appellant agreed to plead guilty to the lower-graded assault charge in exchange for the Commonwealth *nolle prossing* the other two counts. The court accepted Appellant's guilty plea after conducting a thorough oral colloquy. Since the parties did not negotiate a sentence, a pre-sentence investigation ("PSI") report was ordered and sentencing deferred to March 7, 2025.

In the interim, Appellant asked her attorney for a postponement because she was starting a new job. Although her hearing was not rescheduled, she believed it had been because her co-defendant secured a postponement. Therefore, Appellant did not appear on March 7, 2025. Instead of sentencing her *in absentia*, the sentencing court issued a bench warrant. Following her apprehension, Appellant appeared by video from the prison for her sentencing. Appellant's counsel advised the court of her work and education history, which included prior employment as a dental assistant. Her sentencing guidelines reflected that she did not have a criminal record. For her part, Appellant reiterated that she was working, and that she wanted to put the matter behind her. Ms. Pollock provided a victim impact statement. In light of the brutality of the unprovoked attack, the Commonwealth sought an aggravated-range sentence. After considering the defense statements and arguments, the guidelines, and the PSI report, the court imposed a sentence

of sixteen to thirty-two months of incarceration, which was at the top end of the standard range of the guidelines.[1]

Appellant filed a post-sentence motion, seeking a reduced sentence due to personal circumstances that occurred in the year preceding her sentencing which required her to be able to continue earning an income. Specifically, she cited the loss of her child and her brother's murder. Appellant explained that she provided financial support to her mother, who was raising her brother's children, but that her mother's health had declined when Appellant was incarcerated and no longer able to provide financial assistance. Finally, she invoked the fact that she had pled guilty and spared Ms. Pollock a trial as further reason for a shorter sentence. Upon review, the court denied the motion.

After the time expired for pursuing a direct appeal, Appellant timely filed the instant *pro se* PCRA petition. The PCRA judge, the same jurist who handled her sentencing, appointed counsel, who filed a supplemental petition claiming plea counsel rendered ineffective assistance by not providing any mitigating evidence at Appellant's sentencing hearing. **See** Supplemental PCRA Petition, 5/17/25, at 4. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In doing

_____

[1] The transcript places the maximum at thirty-six months. However, we apply the terms set forth in the signed sentencing order. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013) (plurality) ("As we have stated, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence." (cleaned up)).

so, the court noted that, at the time of sentencing, it had the benefit of a PSI report, plea counsel had detailed Appellant's work history, and Appellant declined to offer any additional mitigating evidence. Therefore, the PCRA court rejected Appellant's claim that counsel offered no mitigating evidence as meritless. Receiving no response to its Rule 907 notice, the court dismissed her PCRA petition.

This timely appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement. The PCRA court submitted a statement in lieu of a Rule 1925(a) opinion, relying upon the reasoning set forth within its Rule 907 notice. Appellant presents a single issue for our consideration:

> Whether the lower court committed legal error and abused its discretion in failing to find that Appellant was afforded ineffective assistance of counsel given that defense counsel neglected to articulate meaningful and severe consequences to the imposition of a lengthy term of incarceration given the familial impact that would result thereby depriving Appellant of the recitation of potential mitigative factors bearing on the appropriate sentence and causing the sentencing court to be unaware of these real consequences posing hazards to others?

Appellant's brief at 2 (unnecessary capitalization and articles omitted).

Appellant alleges that her plea counsel rendered ineffective assistance because she failed to make "any mention or articulation of the mitigative factors now outlined by [Appellant] in the instant PCRA petition[,] which were salient to the court engaging in a particularized consideration of . . . both the context and impact of the sentence imposed unique to [Appellant]." *Id*. at 7-

8 (cleaned up).  In sum, she avers that counsel should have informed the court at sentencing of the same circumstances outlined in her post-sentence motion so that they could be considered with all other sentencing factors prior to imposing her individualized sentence.  *Id*. at 8.

We have "held that claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA."  *Commonwealth v. Sarvey*, 199 A.3d 436, 455 (Pa.Super. 2018) (cleaned up).  Thus, we consider Appellant's sole issue pursuant to the following, well-established legal principles:

> Our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error.  We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record.
>
> Moreover, as relevant here, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  In reviewing Appellant's ineffective assistance of counsel claims, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness.
>
> To prevail on an ineffective assistance claim, a defendant must establish (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his client's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Counsel cannot be deemed ineffective for failing to raise a meritless claim.
>
> . . . .
>
> To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Evans*, 303 A.3d 175, 182–83 (Pa.Super. 2023) (cleaned up).

In its notice of intent to dismiss, the PCRA court observed that before imposing a standard range sentence, the court considered the PSI report, plea "counsel set forth mitigating factors" regarding Appellant's education and work history, and Appellant had the opportunity to speak. *See* Opinion and Notice of Intent to Dismiss, 9/17/25, at 3-4. Furthermore, it found "no support for [Appellant]'s contention that presenting additional factors (*i.e.*, the financial burden on her family) would have led to a different outcome." *Id*. at 5. Having concluded that Appellant failed to raise a meritorious claim, the PCRA court dismissed her petition. *Id*.

Upon review, we hold that the PCRA court's conclusions are supported by the record and agree that Appellant failed to establish prejudice. As noted above, the same judge who dismissed her PCRA petition also presided over her sentencing hearing. The sentencing court had the benefit of a PSI report, provided Appellant the opportunity to add any mitigating facts beyond

counsel's statements about her work and education history, and sentenced Appellant within the standard range of the sentencing guidelines. In that vein:

> Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (cleaned up).

Since the PSI report was not made part of the certified record, we do not know whether the specific financial and emotional burdens Appellant raised in her PCRA petition were included therein. However, even if they were not available in the report at the time of sentencing, counsel offered those same mitigating factors in a timely post-sentence motion to reduce Appellant's sentence, which the court reviewed and denied. In other words, counsel presented the precise facts to the court tasked with fashioning Appellant's sentence, and that court deemed them insufficient to warrant a lesser standard range sentence. Since Appellant has not established that the outcome of her sentence would have been different had counsel earlier advised the court of those mitigating circumstances, she has not proven prejudice. Thus, her ineffectiveness claim fails.

Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 5/27/2026